SARAH J. PAINE, Plaintiff in Error, *vs.* LURA M. PAINE DOUGHTY *et al.* Defendants in Error.

*Opinion filed October 25, 1911.*

1. JUDGMENTS AND DECREES—*consent decree cannot be reviewed.* A decree which merely records an agreement of the parties and by their consent directs that they shall perform it is not a judicial determination of the rights of the parties by the consideration of the court, and such a decree cannot be reviewed by appeal, writ of error or bill of review.

2. CONTRACTS—*mistake of law by one party to a contract is not ground for setting it aside.* A mistake of law by one of the parties to a contract deliberately reduced to writing and executed is not, of itself, a sufficient reason for setting it aside, where such mistake is not induced by the other party.

3. SAME—*when contract cannot be set aside as being of fraudulent character.* A written contract cannot be set aside upon the ground that it is fraudulent where the alleged fraudulent provisions appear upon the face of the contract so that they were equally

open to the knowledge of both parties, and there is nothing in the complainant's bill to show. by whom the writing was prepared, or that either party urged its acceptance upon the other or was misled or induced to .accept and execute it by any statement of the other as to its meaning or legal effect.

4. JURISDICTION—*equity will not assume jurisdiction merely to declare legal title.* Where purely legal titles are involved and no other relief is asked, equity will not assume jurisdiction to declare such legal titles but will remit the parties to their remedies at law.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. MAZZINI SLUSSER, Judge, presiding.

Fayette M. Paine died in May, 1898, leaving Sarah J. Paine, his widow, and Lura M. Paine, his only child. The latter conveyed to the widow, her mother, all her interest in the real estate involved in this suit and other real estate, and afterward married A. C. Doughty. Two children were born to them. Afterward Lura M. Paine Doughty filed a bill in the circuit court of DeKalb county to set aside her conveyance to her mother. While the cause was held under advisement, after a hearing on the pleadings and evidence, the parties. entered into a written stipulation for a settlement of it, and thereupon, by their consent, on January 23, 1905, a decree was entered reciting the stipulation and ordering the parties to stand by and perform the obligations by them, respectively, undertaken in such stipulation. Among other provisions the stipulation contained the following:

"*Third*—That the south half (½) of the south-west quarter (¼) of section twenty-nine (29), and the south half (½) of the north half (½) of the south-west quarter (¼) of said section twenty-nine (29), township thirty-seven (37), north, range three (3), east of the third principal meridian, shall be and remain the absolute property of the defendant, Sarah J. Paine.

"*Fourth*—That the possession, control, use, rents, issues and profits of the north half (½) of the north half

(½) of the south-west quarter (¼) and the south half (½) of the north-west quarter (¼) of section twenty-nine (29), township thirty-seven (37), north, range three (3), east of the third principal meridian, be vested in the said defendant, Sarah J. Paine, for and during the term of her natural life only, subject to the usual conditions of payment of taxes and keeping up of repairs incident to life estates generally.

"*Sixth*—It is hereby further stipulated and agreed that all the estate of which said Sarah J. Paine shall die seized and possessed, of whatever kind and character, including the real estate hereinbefore mentioned as vesting in her in fee, or any property or estate for which said real estate, or any portion thereof, may be exchanged during her lifetime, shall upon her death be distributed in accordance with the terms of the last will and testament of said Sarah J. Paine introduced and read in evidence in this case; and it is further agreed that said last will and testament is hereby, and by the decree of this court shall be, made irrevocable except as to article first of said will, disposing of the personal property of the testatrix and her burial lot in Precinct cemetery, and as to said clause it shall not be construed and shall not operate to vest any personalty derived from sale or mortgage of any of said real estate in any party or parties that would not take said real estate if it had not been sold or mortgaged by said Sarah J. Paine in her lifetime, and as to any personal property that the said Sarah J. Paine may die possessed, other than personal property derived from sale or mortgage of said real estate or any part thereof, she may make such disposition as she sees fit."

The will mentioned in the sixth paragraph of the stipulation contained, among others, the following provisions:

"*Article second*—I hereby give, devise and bequeath unto my executor and trustee my real property, consisting of 240 acres farm lands, together with all the hereditaments and appurtenances thereunto belonging, all being situated in

Paw Paw township, DeKalb county, State of Illinois, in trust, as follows:

"*Article third*—I direct that my executor and trustee shall let, lease and so manage the said farm lands in a manner to yield the safest and greatest income obtainable.

"*Article fourth*—I direct that all the rents, profits and income of the trust estate, after deducting all proper expenses, be paid by my executor and trustee to my only child, Lura M. Doughty, during her lifetime.

"*Article fifth*—I. direct that the trust estate go to the children of my daughter, if any exist at the time of her decease. If none exist, I direct that it go to my brother, Kinney Hilton. If he should be deceased, then to his children, if any exist. If none of the above mentioned relatives exist at the time of her decease, then I direct that it be given to the Liberal University, now located at Silverton, Oregon."

On September 17, 1907, Mrs. Paine filed a bill in the circuit court of DeKalb county against her daughter and the latter's husband. By amendment their children and all the devisees in the will mentioned in the stipulation above mentioned, and the executors nominated therein, were made defendants. A demurrer was sustained to the amended bill, it was dismissed for want of equity, and the complainant is now prosecuting a writ of error to reverse the decree.

The amended bill averred that the purpose of the decree was to place the title of said real estate in fee in the plaintiff in error, but that by reason of certain words appearing in the decree a cloud has been wrongfully cast upon her title; that she believed, at the time, that the title in fee was to remain in her; that she has complied with all the conditions of said stipulation and decree; that the language used in the stipulation and decree is ambiguous and uncertain and misleading, and should be construed by the court to make clear and certain her title and so that it will not interfere with the intent and purpose of the third clause

of the stipulation and decree; that plaintiff in error was led by the language of such third clause to believe, and did believe, that her title to such real estate was perfect, but that by reason of the uncertainties, ambiguities and inaccuracies of the sixth clause of the stipulation the real estate is clouded and made uncertain, so that the plaintiff in error cannot make a loan thereon or sale thereof, and its value is therefore depreciated. The prayer is that the stipulation and decree be construed to mean that the plaintiff in error has complete and perfect title to the real estate described in the third clause.

WILLIAM R. PAYNE, for plaintiff in error.

JOHN FAISSLER, and JOHN R. COCHRAN, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The decree which the plaintiff in error desires to have construed was not a judicial determination, by the consideration of the court, of the rights of the parties. It does not purport to represent the judgment of the court in regard to such rights, but merely records the agreement of the parties and by their consent directs that they shall perform it. A decree so entered by consent cannot be reviewed by appeal, writ of error or bill of review. (*Armstrong* v. *Cooper,* 11 Ill. 540; *Knobloch* v. *Mueller,* 123 id. 554; *Cox* v. *Lynn,* 138 id. 195; *First Nat. Bank* v. *Illinois Steel Co.* 174 id. 140; *Galway* v. *Galway,* 231 id. 217.) The court cannot be said to have committed any error, for it has done nothing except to record the action of the parties, and no one can complain of an act which he has procured to be done. The acts of the parties may be brought in question where they are the result of mistake or have been procured by fraud, but this bill does not state a case of that kind. No inducement was offered to procure

the consent of the plaintiff in error other than the settlement of the litigation. There is no averment that she did not read the agreement and know its contents, or that she did not have competent advice. It is averred that she believed that the title in fee simple would remain in her, but a mistake of law by one of the parties to a contract deliberately reduced to writing and executed is not, of itself, a sufficient reason for setting it aside where such mistake is not induced by the other party.

It is insisted that the contract was entered into without consideration, and that its defective and fraudulent character appears upon its face in the inconsistent provisions of the third and sixth clauses. The provisions of these clauses appeared upon the face of the writing and were equally open to the knowledge of both parties. There is nothing to show by whom the writing was prepared, that either urged its acceptance upon the other or was herself misled or induced to accept it or execute it by any statement as to its meaning or legal effect. The agreement was voluntarily entered into upon a sufficient consideration, without fraud or misrepresentation, and the bill shows no reason why the parties should not be bound by its terms.

The bill cannot be maintained as a suit to quiet title. So far as it seeks to have the stipulation and decree construed to mean that the plaintiff in error has a complete and perfect title to the premises it is merely an application to a court of equity to settle and declare the legal title. The law is well settled that where only purely legal titles are involved and no other relief is asked, equity will not assume jurisdiction to declare such legal titles but will remit the parties to their remedies at law. *Fletcher* v. *Root*, 240 Ill. 429, and cases there cited.

The demurrer to the bill was properly sustained.

*Decree affirmed.*