Edward Escue, Appellant, v. Xon A. Nichols, Appellee.

Term No. 48M7.

Opinion filed September 29, 1948.
Released for publication October 28, 1948.

Louis Beasley and James W. McRoberts, both of East St. Louis, for appellant.

Jos. B. McGlynn, of East St. Louis, for appellee; Wayne P. Williams, of East St. Louis, of counsel.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This is an appeal by Edward Escue, plaintiff appellant (hereinafter called plaintiff), from an order of the circuit court of St. Clair county, Illinois, entered on January 12, 1948, which vacated and set aside a judgment in favor of said plaintiff which had been rendered in said court on September 9, 1947, and which was in the sum of $3,750, against the defendant appellee, Xon A. Nichols (hereinafter called defendant).

It appears from the record in this case on April 25, 1947, plaintiff filed his complaint against the defendant, and a summons was issued by the clerk of the circuit court of St. Clair county, Illinois, directed to the sheriff of Marion county for service. The summons was returned to and filed in the office of the clerk of the circuit court of St. Clair county, Illinois on May 13, 1947. The case came on for trial on the 9th day of September 1947, on a regular setting of cases in the circuit court of St. Clair county, and when called, the defendant was defaulted and the court proceeded to hear the matter as a default case and entered judgment for $3,750 as hereinbefore set forth.

On December 19, 1947, the defendant, by his attorney, served a notice on attorneys for plaintiff that he would file a motion in the circuit court of St. Clair county to vacate and set aside the judgment entered on September 9, 1947, and labeled his motion, "Special Appearance to Vacate Judgment." In said motion the defendant advanced the following contentions in support thereof: (First) That the return on the summons, purporting to be made by the sheriff of Marion county, Illinois, and filed on May 13, 1947, does not state in what manner said summons was served upon the defendant, if it was served; (Second) That the return on said summons does not show that said summons was served on the defendant by delivering a copy of said summons to the defendant, as required by law; (Third) That the return on said summons does not show the date upon which said summons was served upon the defendant; (Fourth) That the return on said summons shows that the same was not signed by said sheriff, or by anyone in his behalf; (Fifth) That the return on said summons does not show that said summons was served upon said defendant by leaving a copy thereof at defendant's usual place of abode with some person of the family of the age of 10 years and upward, and informing such person of the contents of said summons, nor does it show a copy of said summons was sent this defendant in a sealed envelope, with postage fully paid, addressed to said defendant at his usual place of abode, nor does it show that said sheriff signed said return, nor did anyone in his behalf; (Sixth) That the return on said summons shows on its face that this defendant was not served with summons by said sheriff, but that said summons was returned not served as to this defendant; and, (Seventh) That the files and records in this case show that no other summons was ever issued, served, returned, or filed in this case as against this defendant.

On December 31, 1947, attorneys for the plaintiff served notice upon the defendant's attorney of the filing of a motion to strike the motion filed by the defendant. The matter came on for hearing on January 12, 1948, and at the conclusion thereof the court entered an order denying the motion of plaintiff to strike defendant's motion, and entered an order vacating and setting aside the judgment entered on the 9th day of September 1947. We have examined with care a photostatic copy of the summons relied upon by plaintiff to show service on the defendant and we are of the opinion that it does not show service had as by law required (Ill. Rev. Stat. 1947, ch. 110, par. 130 [Jones Ill. Stats. Ann. 104.006]). The return does not bear the sheriff's signature, nor indicate in any way service had agreeable to law.

In determining whether a court has jurisdiction the entire record will be examined, including the process, pleadings, verdict and judgment (*Cullen v. Stevens*, 389 Ill. 35, 42). The court will not acquire jurisdiction of the defendant, unless the return shows service upon the defendant in some manner provided by law (*Werner v. W. H. Shons Co.*, 341 Ill. 478). A finding of the court that jurisdiction exists over the person cannot prevail over a return which is insufficient to confer jurisdiction over the person (*Werner v. W. H. Shons Co., supra*).

In this condition of the record the contention advanced by appellant, that the circuit court of St. Clair county was without jurisdiction to enter any order on January 12, 1948, for the reason that the court's jurisdiction terminated 30 days after the 9th day of September 1947, cannot prevail for the reason that any judgment, decree or order may hereafter be modified, set aside, or vacated after the expiration of 30 days (from the date of its rendition) in the same cases, to the same extent and by the same modes of proceeding as, under the law heretofore in force, it

might have been modified, set aside or vacated after the expiration of the term of court at which it was rendered (Ill. Rev. Stat. 1947, ch. 77, par. 84 [Jones Ill. Stats. Ann. 104.101]), and accordingly, a judgment rendered without jurisdiction over the subject matter or the person of the defendant is void and may be attacked directly or collaterally at any time in any court (*Ward v. Sampson,* 395 Ill. 353).

The court had jurisdiction to entertain a motion to vacate and to vacate its void judgment at any time within or after 30 days (*Barnard v. Michael,* 392 Ill. 130).

It clearly appears from the record that the court had never acquired jurisdiction of the person of the defendant, and the judgment rendered on the 9th day of September 1947 was a void judgment. The court below clearly acted properly in setting aside its void judgment. The action of the court below in vacating and setting aside its void judgment, being right and in strict conformity with the law, is, accordingly, affirmed.

*Judgment affirmed.*

BARDENS and SCHEINEMAN, JJ., concur.