ANTHONY FILOSA *et al.*, Plaintiffs-Appellants, *v.* CARLO PECORA *et al.*, Defendants-Appellees.

MICHAEL J. LOWY *et al.*, Intervening-Plaintiffs-Appellees, *v.* ANTHONY FILOSA *et al.*, Defendants-Appellants.

(Nos. 58374, 58445 cons.; )

First District (3rd Division)—February 21, 1974.

Dennis M. O'Brien, of Schippers, Betar, Lamendella & O'Brien, of Chicago, for appellants.

Gordon & Brustin, Ltd., of Chicago (Robert E. Gordon, of counsel), for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This is an appeal from an order which vacated a consent decree. The order was entered pursuant to a petition filed under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, sec. 72).

In August 1971, six neighbors: Anthony Filosa, Angelo Morelli, Willis M. Hoffbeck, Martin D. Galis, Paul Pennick and Joseph Graber, entered into a contract with the defendant, Carlo Pecora, to buy a parcel of unimproved land, approximately 600 feet long and 100 feet wide, which bordered on the rear of their six homes. The contract, which was not recorded, provided for Pecora to convey the purchased land in separate deeds and that each deed would be contiguous with the lot of each of the six neighbors.

In September 1971, Pecora contracted to sell a larger tract of land, including the 600-by-100-foot strip, to two real estate developers, Michael J. Lowy and John A. Canna, who intended to construct several condominium apartment buildings on the property.

When Pecora failed to convey the realty they had purchased, Filosa, Morelli, Hoffbeck and Galis sued him for specific performance. Pennick and Graber chose not to join in the litigation.

Pecora answered the complaint and Lowy and Canna intervened. Pecora charged that the time limit for the completion of the plaintiffs' purchase had expired and that the required earnest money had not been deposited. The intervenors alleged that the plaintiffs' contract was invalid and that they did not learn of the contract until their petition to rezone the entire tract of land from a single-family residence district to one which would permit a condominium development was about to be heard by the Zoning Board of Appeals of Cook County. The plaintiffs denied Pecora's affirmative defenses and the intervenors' allegations.

During the trial on the issues, settlement negotiations were held between the attorney for the plaintiffs and the attorney who represented Pecora, Lowy and Canna. Under the aegis of the court, an agreement to settle the dispute was reached, subject to its being reduced to writing. Both attorneys participated in the drafting of the agreement. Each prepared a draft, exchanged it with the other attorney, and each made comments and suggestions on the other's draft. The final agreement, drawn by the plaintiffs' counsel, included the suggestions of the defendant's and intervenors' counsel.

The final settlement provided that the 600-foot strip of land would be narrowed from 100 to 25 feet and that the four plaintiffs and Pennick

and Graber would receive individual deeds for 25 feet behind each of their homes and that the six of them would receive $6,000 in damages. The agreement further provided that in the event the intervenors failed to apply for building permits within 120 days after the rezoning of the property was obtained, the 600 x 100-foot parcel would pass to the plaintiffs and their two neighbors for their contracted purchase price subject only to current real estate taxes. A consent decree incorporating the terms of the agreement was entered on May 9, 1972.

For various reasons, including the hospitalization of Pecora, the intervenors' counsel did not show the consent decree to Pecora or the intervenors until the first week of June. They protested that building permits could not be obtained within 120 days of the rezoning. On June 9, 1972, their attorney filed a motion to vacate or modify the decree. On July 11th he filed a petition under section 72 of the Civil Practice Act to vacate the order of May 9. He also filed an amended complaint and an amended section 72 petition naming Pennick and Graber as defendants. The petition was continued several times and compromises were discussed, but none was agreed upon.

The section 72 petition asserted that there was fraud in the procurement of the consent decree and that it was void because it disposed of the rights of Pennick and Graber over whom the court had no jurisdiction. The petition was granted and the decree was vacated.

The facts concerning the preparation and presentation of the decree do not support the intervenors' charge that it was procured by fraud. The gist of the charge was that the plaintiffs did not honor an oral understanding to modify the time restriction for the obtaining of the building permits; that the 120-day limitation was unreasonable and unconscionable; that it proved to be unsatisfactory to the intervenors who needed 240 days because of the time-consuming prerequisites to the acquisition of building permits such as soil testing and securing environmental control permits. The petition alleged that the attorney for the intervenors only glanced cursorily at the decree and relied upon the representation of the plaintiffs' attorney to amend the restriction if the intervenors so desired. In seeming contradiction, the petition also declared that the "settlement agreement was the entire terms agreed on between the parties."

The plaintiffs' answer denied any understanding to modify the decree. The plaintiffs stated that the final written agreement was the joint effort of both attorneys, and that their attorney advised opposing counsel that he had no authority to change the terms of the written agreement without the approval of all his clients. Exhibits were attached to their answer which substantiated their contentions. One exhibit proved that the origi-

nal time limitation was 60 days and that it was increased to 120 days at the suggestion of the intervenors' counsel. Another showed the interpolations made by him in the drafts of the agreement, and the order which dismissed the case was in his handwriting. The order stated that the dismissal was "on stipulation of the parties through their respective attorneys" and was "with prejudice to all the parties as said matter has been settled."

■■ A consent decree is based upon the agreement of the parties. It may supersede both pleadings and evidence and even go to the extent of pointing out and limiting the relief to be granted. Such a decree is conclusive upon the parties and cannot be amended or varied without the consent of each of them. (*People ex rel. Stead v. Spring Lake Drainage & Levee District* (1912), 253 Ill. 479, 97 N.E. 1042.) A consent decree reflects the determination of the parties to end their controversy. It is like a written contract and should be enforced as written. *City of Kankakee v. Lang* (1944), 323 Ill.App. 14, 54 N.E.2d 605.

■■ A written contract cannot be set aside on the ground that it is fraudulent where the alleged fraudulent provision appears on the face of the contract so that it was equally open to the knowledge of both parties, or where the party charged with the fraud neither urged its acceptance upon the other nor misled or induced the other to accept and execute it by any statement or misrepresentation as to its meaning or legal effect. (*Paine v. Doughty* (1911), 251 Ill. 396, 96 N.E. 212.) Likewise, a court will not vacate a consent decree without a showing of fraudulent misrepresentation or coercion in the making of the agreement, or the incompetence of a contracting party or gross disparity in the position or capacity of the parties. *Guyton v. Guyton* (1959), 17 Ill.2d 439, 161 N.E.2d 832; *Jackson v. Ferolo* (1972), 4 Ill.App.3d 1011, 283 N.E.2d 247.

The intervenors' allegation of fraud is unsubstantiated and untenable. They would have us believe that an important right to amend the terms of the consent decree was left out of the agreement and embodied in a gentlemen's understanding between counsel. Yet their attorney assured the trial court that the agreement as written constituted the entire agreement between the parties. The intervenors are bound by the written agreement and the representation made to the court by their attorney.

■■ The purpose of a petition filed under section 72 of the Civil Practice Act is to obtain relief from final orders, judgments and decrees. (Ill. Rev. Stat. 1969, ch. 110, par. 72(1).) The petition must be filed no later than two years after the entry of the decree (sec. 72(3)) and is available to correct errors appearing upon the face of the record or to bring before the court facts not appearing in the record which could not rea-

sonably have been disclosed at or prior to the time the decree was entered and which, if known to the court at the time the decree was entered, would have prevented its entry. Decrees are not set aside simply because a party adversely affected by the decree comes into court and boldly asserts that it was premised on false facts. (*Bennett v. Gollant* (1970), 127 Ill.App.2d 224, 262 N.E.2d 34.) Section 72 was not intended to relieve a party of the consequences of his own mistake or carelessness. The burden is on the petitioner to allege and prove the facts justifying relief, and he must show that through no fault or negligence of his own, the error of fact was not made known to the trial court. (*Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 165 N.E.2d 294.) The intervenors' petition gave no reasonable explanation why the time allegedly required to obtain building permits could not have been known to them while the agreement was being prepared or when it and the decree were presented to the court. Long negotiations, during which there was ample time for attorneys to talk to clients and for clients to talk to others, preceded the decree. If the 120-day limitation proved too restrictive, the intervenors have only themselves to blame. Their petition did not establish a basis for relief and it should have been denied.

⊙ 7, 8 The argument is made that the consent decree was void because it disposed of the property rights of Pennick and Graber who were not parties to the suit. A decree is void if the court lacked jurisdiction over either the subject matter or the parties to a suit, and a void decree may be attacked directly or collaterally at any time in any court. (*Escue v. Nichols* (1948), 335 Ill.App. 244, 81 N.E.2d 652.) With exceptions not pertinent here, it is the general rule that the interests of parties not before the court are not bound by a decree. But because the decree may be void as to Pennick and Graber does not mean that it is void in its entirety. There is no claim that the court did not have jurisdiction over the subject matter of the suit and of all the parties named as defendants. If parts of a decree are clearly separable, only that part which is in excess of the authority of the court is void and the rest of the decree is valid. *Chapman, Mazza, Aiello, Inc. v. Ace Lumber and Construction Co.* (1967), 83 Ill.App.2d 320, 227 N.E.2d 562.

■■ The contract with Pecora called for the 600' x 100' parcel of land to be conveyed to the six neighbors in six separate deeds. Each buyer was to receive a deed for the land contiguous to his own property and would be required to pay the real estate tax only on that portion of the land which he received. There was no joint interest in the tract of land as a whole. The determination of whether a contract is joint *or* several or joint *and* several is made by considering the intentions of the parties as revealed by the language of the contract and the subject matter to which it

relates. (Annot., 122 A.L.R. 1336 (1939).) Contracts will be construed to be joint or several as the case may be, where the intent of the respective parties appears on the face of such obligations, and that construction will be adopted which is most consistent with the words employed to express the undertaking of the several parties. *Combs v. Steele* (1875), 80 Ill. 101.

In *Combs,* adjacent neighbors contracted to pay for street paving in front of their homes by the foot and wrote next to their names in the contract the number of feet at the front of their respective property. The court found that each neighbor thereby agreed to pay for a definite number of feet of paving and held that the contract was several. In *Corrington v. Pierce* (1888), 28 Ill.App. 211, two neighbors contracted with a third landowner to settle a boundary dispute by having a surveyor survey their land. One neighbor breached the agreement. The court held that the other neighbor's obligations under the contract were not affected; that the neighbors had no joint interest in the boundary line and their obligations under the contract were separate and distinct.

■■■ The contract between Pecora and the six neighbors was several and each of the neighbors could enforce his interest separately. When Pecora did not comply with the contract, four of the six sued him for specific performance. The decision of Pennick and Graber not to enforce the contract as to their portions of the land did not affect the right of the others to complete their purchase.

While Pennick and Graber were not necessary to an adjudication of the plaintiffs' rights under the contract, it would have been well if they had been named as defendants. The failure of the plaintiffs to so name them, however, did not vitiate the plaintiffs' right to relief. Moreover, their interests were protected by the plaintiffs. The decree provided that they, as well as the plaintiffs, were to receive deeds to that portion of the disputed land contiguous to their property and that, in addition, each one would receive $1,000.

Although Pennick and Graber had been unwilling to participate in the effort to obtain their share of the land, after the decree was entered they notified the intervenors that they did not consider themselves bound by the decree. The intervenors, to avoid any cloud on their title, thereupon amended the intervening complaint and the section 72 petition and made them party defendants. What contractual right they may have to the land behind their homes must be determined between them and the intervenors.

■■ The court had jurisdiction of the plaintiffs and their interests under the Pecora contract. The parts of the decree affecting them are separable from the parts affecting Pennick and Graber. The decree is not void

as to the plaintiffs; they have a valid and binding contract with the intervenors, confirmed by the consent decree. They may pursue the remedies stated in the decree.

The order vacating the consent decree is reversed.

Reversed.

McNAMARA, P. J., and McGLOON, J., concur.