GENOWEFA KULA, Plaintiff-Appellee, *v.* JOHN KUCHARSKI, Defendant-Appellant.

First District (1st Division) No. 78-194

Opinion filed January 8, 1979.

Raymond W. Rysztogi, of Chicago, for appellant.

David S. Bern, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Genowefa Kula (plaintiff) brought this action against John Kucharski (defendant) to establish the paternity of a child born to plaintiff. (Ill. Rev. Stat. 1977, ch. 40, par. 1354.) After trial by the court, an order was entered declaring defendant to be the father of the child. Defendant appeals.

The single issue here is defendant's contention that the claim is barred by the limitation period expressed in the statute (Ill. Rev. Stat. 1977, ch. 40, par. 1354):

"No such action may be brought after the expiration of 2 years from the birth of the child. However, where the person accused has acknowledged the paternity of the child by a written statement made under oath or affirmation or has acknowledged the paternity of such child in open court, prosecution may be brought at any time within 2 years from the last time such acknowledgment was made or within 2 years from the last time the person accused contributed to the support, maintenance, education and welfare of the child subsequent to such acknowledgment. The time any person so accused is absent from the State shall not be computed."

No report of proceeding has been filed by the plaintiff. However, the pertinent background facts appear from the record virtually without dispute.

Plaintiff filed her complaint on January 24, 1977. On March 10, 1977, defendant filed a "Motion for Judgment" on the ground that the plaintiff's complaint failed to "allege affirmatively the statutory period" as set out in the statute. With leave of court plaintiff filed an amended complaint on April 15, 1977.

The amended complaint alleged that a child was born to the plaintiff in Poland on May 6, 1973. Plaintiff and defendant, both living in Poland, had maintained sexual relations from June 1972 through October 1973. In late February of 1975, defendant emigrated from Poland to Chicago. In November 1976, plaintiff moved to Chicago. The amended complaint also alleged that defendant acknowledged the paternity of the child in

open court proceedings in Poland on March 18, 1974. A photocopy of purported court matters taken in the Polish language together with a translation thereof to English is appended to the amended complaint as an exhibit.

The amended complaint also alleged that defendant visited plaintiff and the child in Chicago on November 6, 13, 20, 25 and 27 of 1976. On these occasions defendant bought toys and clothing for the child. He gave plaintiff $100 in cash. Thereafter defendant refused further contribution for support of the child.

On March 9, 1977, defendant filed his answer to the amended complaint. He denied generally that he had acknowledged paternity of the child. He alleged that the translation of the court proceedings from Polish to English "is in error" and "taken out of contents from its entirty [*sic*]." (Perhaps should read "taken out of context from its entirety.") Defendant's answer also denied generally the allegations of the amended complaint regarding visitation by defendant, gifts of toys and clothes and payment of the cash contribution to plaintiff.

In due course the court directed, by agreement, that the parties and the minor child submit to blood tests. By subsequent order the trial court noted that this had been done and the cause was set for trial. The record also shows trial by the court on October 24, 1977.

On October 31, 1977, the trial court entered a judgment order finding that the child was born May 6, 1973; defendant came to Cook County in March of 1975; plaintiff came here on November 1, 1976; and plaintiff "filed her complaint January 24, 1977, within the time prescribed in the statute in such case made and provided." The trial court accordingly declared that defendant was the father of the minor child.

The issue of application of the statute of limitations in this situation depends upon factual considerations. In *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 88, 344 N.E.2d 447, the court held:

> "The trial court must determine after an evidentiary hearing whether defendant's conduct within two years of the child's birth significantly discouraged plaintiff from bringing suit until after the limitation period expired. Estoppel may be appropriate where defendant has acknowledged the child in an unambiguous statement in the presence of third parties, even though not under oath or in open court, or where defendant has significantly contributed to the support of the child. In either situation an action must still be brought within two years of the most recent statement or significant contribution. * * *"

Therefore, plaintiff was obliged to bring her action within 2 years of the most recent acknowledgment of paternity by the defendant or the most recent significant contribution made by him. It is evident that the

action was filed more than 2 years after the birth of the child and the alleged acknowledgment of paternity by defendant. However, the action was brought within 2 years of the last alleged contribution to the support of the child made by defendant in November of 1976. If the allegation as to support was proved by the evidence, plaintiff's action is not barred. There is nothing in the record filed here to indicate what evidence the trial court heard in support of the amended complaint. We, therefore, must assume that the trial court found the evidence sufficient to support the findings in the judgment order.

The briefs before us have not raised the issue of insufficiency of the record to demonstrate that the order appealed from is erroneous. The appellant, as the party claiming error, had the burden of presenting to this court "a record which fairly and fully presents all matters necessary and material for a decision of the [factual] questions raised." *Maborn v. Moyers* (1975), 26 Ill. App. 3d 231, 233, 325 N.E.2d 47; *Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 787, 331 N.E.2d 380, and cases there cited.

Illinois courts have consistently held that it is the duty of any appellant in a situation of this type to preserve the report of proceedings for the reviewing court. Where this has not been done, this court is required to assume that the evidence heard by the trial court was sufficient to support the judgment. (See *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550, and cases there cited.) Upon this basis, we are required to affirm the judgment and that is accordingly done.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.