OAK PARK NATIONAL BANK, Trustee, Plaintiff-Appellee, *v.* DOBSON'S, INC., Defendant-Appellant.

First District (1st Division)   No. 78-1448

Opinion filed June 11, 1979.

Paul R. O'Malley, of O'Malley & O'Malley, Ltd., and Leonard Karlin, both of Chicago, for appellant.

Joseph P. McGah, of Forest Park (Joseph Organ, Jr., of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

A judgment for possession of demised business premises and for general taxes allegedly in default was entered in favor of Oak Park National Bank, as trustee under a land trust (plaintiff), and against Dobson's, Inc. (defendant). Defendant appeals.

A summary of the trial record is essential. On September 21, 1976, plaintiff filed suit for possession. On December 13, 1976, plaintiff filed an amended complaint for possession and for an alleged default by defendant in failing to pay as additional rent a specified portion of general taxes. Appended to the amended complaint is a written lease from plaintiff to a tenant other than defendant. The lease, dated December 15, 1966, expired on January 31, 1977, with an option given the tenant to renew for two additional five-year periods. An appended consent by plaintiff to assignment of the lease to defendant appears to be unexecuted.

On January 25, 1977, defendant filed an answer denying that it owed the amount of the general taxes set forth in the amended complaint but admitted that it owed a lesser amount which the parties had agreed to in accordance with a letter appended to the answer. Thereafter the case was continued approximately 11 times for pretrial conferences. On March 15, 1978, an order was entered reciting the withdrawal of counsel for defendant and the substitution of a new attorney. This order reflects acceptance by the secretary of defendant.

On March 15, 1978, an order was entered "By agreement." This order bears the handwritten signature of counsel for both parties. The order provided that the case be continued to June 15, 1978, unless "the tax element of the Rent (and current use and occupation)" payments be made. The additional general taxes to be paid by defendant totalled $22,348.11. The order provided that if the payments had been made "this cause shall be dismissed, and if payment not be made, judgment shall be entered for possession and judgment of such sum of $22,348.11."

On June 15, 1978, an order was entered which recited that the case came on to be heard on the trial call and counsel for plaintiff represented to the trial court that defendant had failed to pay the amount specified in the agreed order of March 15, 1978. Consequently, judgment was entered in favor of plaintiff for possession and a money judgment for the amount of the general taxes allegedly in default.

On the same date as the entry of said judgment, June 15, 1978, a one-page unverified motion was filed in behalf of defendant which purported to be signed by its president. This motion sought to vacate the agreed order entered on March 15, 1977. It also prayed that the proper tax liability of the defendant be determined "pursuant to the new lease from June, 1977, as the defendant is willing to pay to the plaintiff." The motion further states that the order of March 15, 1977, "is obtained by misrepresentation of the facts." The motion set out that the tax liability had been agreed to be paid "by the former management" from whom plaintiff should recover the amount. The motion also avers:

> "It is the contention of the defendant that the plaintiff having accepted rent under the new lease effective June, 1977 and the

tenant fulfilling all his obligations under it, the Plaintiff has no right to take possession under old lease on any ground."

On June 19, 1978, the motion of defendant was denied. On June 19, 1978, defendant filed notice of appeal from the judgment of June 15, 1978, and from the order denying the motion to vacate.

Defendant's original brief filed by his last counsel in the trial court contends:

(1) Plaintiff has failed to give notice of demand for possession.

(2) The trial court had no jurisdiction because defendant was never in default in payment of rent.

(3) The trial court had no jurisdiction to adjudicate real estate taxes in the forcible detainer proceedings.

(4) Since a new lease was effective in June of 1977, the action under the old lease was moot.

(5) The agreed order of March 1, 1978, has no effect in the proceedings which should have been terminated by the judicial notice taken by the trial court of the new tenancy.

(6) The trial court failed in its duty to determine the sufficiency of the consent to the agreed order.

(7) The trial court denied due process when defendant's motion was denied without a hearing.

(8) The order of June 15, 1978, was entered about 9 a.m. although the agreed order gave defendant time for payment to the end of June 15, 1978.

(9) The cause should be remanded for the hearing of evidence on the allegations in defendant's motion to vacate.

Defendant, by his present counsel, filed a reply brief in which the following new contentions were raised:

(1) A consent order is appealable when obtained by fraud or misrepresentation.

(2) Since the consent order was thus obtained, the trial court should not have denied defendant's motion to vacate the judgment based thereon.

(3) The trial court had no jurisdiction to enter the money judgment since no claim for rent was joined.

(4) The consent order and judgment for possession are based upon a lease cancelled June 1, 1977.

(5) The consent order is void because counsel lacked authority to confess judgment.

Contrary to the rules, there are appended to the reply brief affidavits made by an officer of defendant and by defendant's previous counsel stating a series of facts entirely outside of the record. Former counsel for defendant has also filed in this court a group of documents labeled an

"Appendix" containing certain excerpts from the record and also many documents which were never filed in or presented to the trial court. These matters have not been considered by this court.

The insertion of new material and new argument in a reply brief made it necessary for counsel for plaintiff to file an additional brief which counsel did with leave of court. This brief urges the lack of any report of proceedings herein; the lack of any evidence to show that a new lease was ever entered into between the parties; the trial court had jurisdiction of the subject matter and the right to enter a money judgment pursuant to the consent order; and the issue of the authority of the former attorney of defendant to enter into the consent order was never raised in the trial court.

As we view the record, none of the contentions raised by former counsel for defendant in the initial brief have factual support in the record or legal validity. The same criticism is proper with regard to the reply brief filed by present counsel. This reply brief violates the applicable rule as it is not "confined strictly to replying to arguments presented in the brief of the appellee * * *." (58 Ill. 2d R. 341(g).) Furthermore, the contentions in the reply brief do not comport with the facts shown in the record.

The motion of defendant to vacate did not pertain to or attempt to vacate the judgment order of June 15, 1978. It is directed only at the consent order of March 15, 1978. This time gap necessarily raises an issue as to whether the consent order of March 15, 1978, was a final or an interlocutory order. The latest definition of the term "final order" has been stated by the Supreme Court of Illinois in *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 537, 387 N.E.2d 325, quoting *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371:

> " 'To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment.' "

It may well be urged that the consent order is final because it did terminate the litigation between the parties on the merits. After entry of that order, the trial court, virtually in a ministerial manner, could either dismiss the action or proceed to enter judgment pursuant to the order. But, it may also be urged that the consent order was not final since the trial court had acts to perform in addition to execution of a judgment. We need not and will not decide this issue. In our opinion, defendant's motion to vacate the consent order was properly denied by the trial court whether or not the consent order was final.

■■ ■ Assuming that the consent order of March 15, 1978, was final, the motion to vacate the order having been filed on June 15, 1978, more

than 30 days after entry of the order, must necessarily be construed as being filed under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 72; *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 623, 317 N.E.2d 774.) This motion is totally lacking in substance. It states a pure conclusion to the effect that the order was "obtained by misrepresentation of the facts." (*Lilly v. County of Cook* (1978), 60 Ill. App. 3d 573, 576-77, 377 N.E.2d 136.) The motion then alleges that the tax liability was to be paid by the former tenant but continues on and states in the prayer that defendant is willing to pay its proper tax liability. Thus the motion is totally deficient as regards the showing needed to vacate the consent order. Furthermore, the motion contains no showing of diligence (*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 309, 357 N.E.2d 518); no proper allegations of a meritorious defense or proper reason to vacate the consent order (*M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 510, 375 N.E.2d 560); and it is neither verified nor supported by proper affidavit (Ill. Rev. Stat. 1977, ch. 110, par. 72(2); *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 756, 357 N.E.2d 187; *Amerco Field Office v. Onoforio* (1974), 22 Ill. App. 3d 989, 992, 317 N.E.2d 596). It follows necessarily that if the consent order was final, the motion to vacate that order was properly denied by the trial court.

Assuming next that the consent order was not final, it is generally held that "a court will not vacate a consent decree without a showing of fraudulent misrepresentation or coercion in the making of the agreement, or the incompetence of a contracting party or gross disparity in the position or capacity of the parties." (*Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 127, 309 N.E.2d 356.) The attempt by defendant to attack the consent order must necessarily fail here because there were no allegations or proof before the trial court tending to show any of these factors. The consent order of March 15, 1978, purports to be in regular form, duly entered by the court and duly approved by the attorneys of record. As above shown, the unverified motion to vacate the consent order contains no facts but only a pure conclusion concerning "misrepresentation of the facts." There are no allegations in the motion which meet the requirement of a factual showing as above set forth. It follows that if the consent order was not final, the motion to vacate was properly denied. Thus, in either event and regardless of how the consent order is classified concerning its finality, we conclude that the motion to vacate the order was legally insufficient.

In addition, the order of June 19, 1978, which denied defendant's motion to vacate, recites that the trial court heard argument of counsel and was fully advised in the premises. No report of proceedings was filed by defendant. Therefore, we do not know what the trial court heard but we are required to presume that the trial court heard sufficient evidence to

deny the obviously defective motion to vacate. (See *Kula v. Kucharski* (1979), 68 Ill. App. 3d 399, 402, 386 N.E.2d 320, and cases there cited.) In this instance a number of the contentions raised in behalf of defendant depend upon facts not in the record. As pointed out in *Kula*, it was the duty of appellant to bring before this court a proper trial record which would fully present all material factual matters.

In short, every contention advanced by defendant in this court is either based upon facts not appearing of record; raised new matter not presented in any manner to the trial court or necessarily fails for lack of a report of proceedings. The motion filed June 15, 1978, to vacate the agreed order of March 15, 1978, is completely deficient. This appeal is totally lacking in merit. For these reasons the orders appealed from are affirmed.

Orders affirmed.

McGLOON and CAMPBELL, JJ., concur.