PRAIRIE MATERIAL SALES, INC., Plaintiff-Appellee, v. WHITE DIA-
MOND, INC., Defendant-Appellant.

First District (5th Division)   No. 86—1843

Opinion filed July 2, 1987.

Robert E. Senechalle, Jr., of Senechalle & Murray, P.C., of Arlington Heights, for appellant.

Jerome D. Citron, of Law Offices of Thomas D. Donnelly, Jr., of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendant, White Diamond, Inc., appeals from the trial court's modification of a consent judgment order nine months after entry of the agreed order. The following facts are relevant to this appeal.

Plaintiff, Prairie Material Sales, Inc., brought a breach of contract action against defendant to recover $13,510.63 allegedly owed by defendant on account of materials supplied by plaintiff to defendant pursuant to a subcontract defendant had with a general contractor, W.W.I. Corporation (W.W.I.). W.W.I. was not a party to the cause of action. On September 11, 1985, the parties entered into an agreed order whereby judgment was entered in plaintiff's favor against defendant in the amount of $6,214.89. A provision of the order stayed enforcement of the judgment until defendant was paid by W.W.I. Corporation. On June 23, 1986, more than nine months after entry of the September 1985 judgment order, Prairie moved to amend the agreed order and requested the trial court to strike and delete that portion of the order that stayed enforcement of the judgment until White was paid by W.W.I. Corporation. Subsequent to entry of the agreed judgment order, both parties learned of the impending bankruptcy of W.W.I. Corporation. Plaintiff's motion was granted. Defendant appeals from the June 1986 order arguing that the trial court lacked jurisdiction to modify the September 1985 order after 30 days of its entry where no allegations of fraud, misrepresentation, incompetence, or gross disparity were alleged or presented.

We reverse the trial court's June 1986 order for the following reasons.

The disputed language of the September 1985 consent order deleted by the June 1986 order reads: "2. Enforcement of the judgment is stayed until such time as White Diamond, Inc. is paid money from

W.W.I. Corporation, at which time White Diamond, Inc. is ordered to pay the first $6,214.89 of sums it receives from W.W.I to Prairie Material Sales, Inc. in satisfaction of the judgment."

The issues raised by this appeal are whether the agreed order with a stay of enforcement was a final order, and, if so, whether plaintiff's motion to strike and delete was substantively and procedurally sufficient to revest the trial court with jurisdiction to modify the order after expiration of 30 days, and whether it was an abuse of discretion to modify the order where no allegations of fraud, coercion, incompetence, or gross disparity in bargaining positions was shown. Defendant's arguments raise several issues on which prior court decisions do not clearly delineate definitive answers.

■ ■ The first question that must be resolved is whether this court has jurisdiction to hear this appeal. Plaintiff argues that the trial court retained at least implied jurisdiction over the matter as a result of the stay of enforcement. For this court to have jurisdiction, the order of the trial court must be a final order. A final order is one which fixes, determines, and disposes of the parties' rights regarding the litigation so that the trial court need only proceed with executing judgment. (*Pottorf v. Clark* (1985), 134 Ill. App. 3d 349, 351, 480 N.E.2d 533.) An order which leaves the cause still pending and undecided is not a final order. (*Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 1057, 360 N.E.2d 458.) It appears that the 1985 agreed order meets these requirements. All matters were resolved between the parties by agreement, which agreement was approved by the court and judgment entered, and all that remained was enforcement of the order.

■ In furtherance of this argument for finality, the court in *Garcia v. Lozada* (1978), 58 Ill. App. 3d 875, 877, 374 N.E.2d 1078, held that a dismissal order entered pursuant to a settlement agreement is a final order and that a plaintiff's proper procedure to obtain relief from the order was a motion to vacate the judgment pursuant to section 72 (Ill. Rev. Stat. 1975, ch. 110, par. 72, now codified as Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). (Accord, *Jackson v. Schencker & Schencker* (1986), 145 Ill. App. 3d 232, 234, 494 N.E.2d 669.) Plaintiff's contention that the stay of execution vested the trial court with continuing jurisdiction beyond the 30-day limit is specious. By inverse analogy, a ruling by the court in *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 424 N.E.2d 911, regarding a similar situation is relevant. In *Comet*, the defendant claimed that the trial court retained no jurisdiction to enforce a consent order after 30 days of its entry because the order dismissed the underlying cause. The order

also provided for certain acts of performance beyond the 30-day limit. The court held that the trial court retained jurisdiction to enforce the order beyond 30 days. In so doing, the *Comet* court noted that "the trial court's orders following entry of the consent decree did not constitute an improper alteration, modification or vacation of the decree; rather they related to its enforcement." (98 Ill. App. 3d 786, 791-92, 424 N.E.2d 911, 916.)

■■ Although courts have appeared reluctant to definitively state whether a consent order is a final order, in many instances they have based their conclusions on an inference of finality as to the merits but not as to enforcement powers. In *Oak Park National Bank v. Dobson's, Inc.* (1979), 72 Ill. App. 3d 905, 391 N.E.2d 173, the court reversed the vacatur of a consent order without ruling on whether the order was final. It was noted that the order could well be considered final because it terminated the litigation between the parties on the merits. The only argument the court could discern against finality was that there remained a purely ministerial act to be performed before execution, *i.e.*, either dismissing the case or entering judgment pursuant to the order. (72 Ill. App. 3d 905, 907-909, 391 N.E.2d 173.) These ministerial acts were not necessary in the present case; judgment was entered but enforcement was stayed by agreement of the parties and approved by the court.

In *Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 309 N.E.2d 356, this court reviewed a vacatur of a consent decree pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72, now codified as Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). The *Filosa* court did not determine whether the consent decree was a final order, but the opinion presumed it to be final for purposes of applying section 72. In *Bundy v. Church League of America* (1984), 125 Ill. App. 3d 800, 466 N.E.2d 681, the court held that an agreed order containing a permanent injunction was final after 30 days and could only be vacated either pursuant to section 2—1401 (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), or by a showing, among other things, that changed conditions necessitated a modification or dissolving of the injunction. (125 Ill. App. 3d 800, 805-807, 466 N.E.2d 681.) We therefore conclude that the agreed order in the present case was a final order. The stay related only to the execution of the judgment, not the merits of the agreement, and as a general rule, a trial court would not have jurisdiction to modify such an order after 30 days.

To revest a court with jurisdiction to modify the order, defendant claims that plaintiff should have filed a section 2—1401 petition supported by affidavits or other appropriate showing as to matters not of

record. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) It is defendant's assertion that since plaintiff failed to file a petition that conforms to section 2—1401, the trial court had no jurisdiction to modify the original consent judgment. Section 2—1401 provides for relief from final orders that was formerly available under a bill of review. The only way a consent decree could be set aside was by an original bill in the nature of a bill of review. (*Massell v. Daley* (1949), 404 Ill. 479, 483, 89 N.E.2d 361.) The bill of review was used by chancery courts prior to the 1955 revision of the Civil Practice Act to obtain relief from equity judgments on the ground of error of law on the face of documents, to establish newly discovered evidence, and to show fraud in the procurement of the decree. (Ill. Ann. Stat., ch. 110, par. 2—1401 Historical and Practice Notes, at 604 (Smith-Hurd 1983).) However, case law indicates disagreement as to whether a section 2—1401 petition can be based on events occurring subsequent to entry of the order from which relief is sought. Our supreme court in *Russel v. Klein* (1974), 58 Ill. 2d 220, 225, 317 N.E.2d 556, held that subsequent events cannot be considered. However, some courts have interpreted the *Russel* holding to mean that former section 72 is not to be construed as the exclusive remedy from final judgments and that subsequent events are relevant. (*Saeed v. Bank of Ravenswood* (1981), 101 Ill. App. 3d 20, 427 N.E.2d 858; contra, *Gimroth v. Ray* (1981), 98 Ill. App. 3d 633, 414 N.E.2d 934.) However, this inconsistency need not be addressed in this case, since no section 2—1401 petition was filed.

Thus, although it is established that a party can seek relief from a consent decree on the basis of changed conditions pursuant to a section 2—1401 petition, the law is not quite so clear regarding such relief sought outside the statutory procedure. Defendant's final argument concerns an alleged abuse of discretion by the trial court in modifying the order outside the scope of section 2—1401 where no allegations of fraud, coercion, incompetence, or gross disparity in the bargaining positions were shown and relies on *Oak Park National Bank v. Dobson, Inc.*, (1979), 72 Ill. App. 3d 905, 391 N.E.2d 173, and *Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 309 N.E.2d 356, discussed above, for its contention. Plaintiff responds by citing *Bundy v. Church League of America* (1984), 125 Ill. App. 3d 800, 807, 466 N.E.2d 681, wherein the court, in considering a motion made outside the context of section 2—1401, held that an injunction contained within a consent order can be modified or dissolved after 30 days upon a showing of changed conditions of law or fact. However, in *Bundy*, the court was considering dissolution of an injunction contained in a consent decree, not merely the agreed order itself, and

noted that a court retains inherent jurisdiction to modify its own injunctions.

Language used in *Bundy* apparently gives approval to modification of a consent decree outside the context of a section 2—1401 proceeding where changed conditions have been shown. (*Bundy v. Church League of America* (1984), 125 Ill. App. 3d 800, 807, 466 N.E.2d 681.) This authority to modify an agreed injunctive order was reinforced by our supreme court in *People ex. rel. Fahner v. Colorado Lot Owners & Taxpayers Association* (1985), 106 Ill. 2d 1, 476 N.E.2d 409. In *Fahner*, the court noted that although consent decrees are generally not reviewable, exceptions exist, especially where a public interest is affected. The court further noted that a circuit court potentially has the authority to modify a consent decree when changed circumstances warrant the modification (106 Ill. 2d 1, 9, 476 N.E.2d 409), and, citing *United States v. Swift & Co.* (1932), 286 U.S. 106, 114-15, 76 L. Ed. 999, 1006, 52 S. Ct. 460, 462, stated that a court of equity " 'does not abdicate its power to revoke or modify its mandate if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong.' " (106 Ill. 2d 1, 9, 476 N.E.2d 409, 412.) It is of interest to note that in all three of the above cases, the consent decrees sought to be modified contained injunctions.

There is no injunction involved in the present case. Furthermore, we do not believe that the subsequent bankruptcy of W.W.I. turned the original consent agreement into "an instrument of wrong." A compromise and settlement agreement is encouraged by Illinois law and when such an agreement is approved by the court, the parties are thereafter precluded from relitigating matters covered by the agreement. (*Barth v. Reagan* (1986), 146 Ill. App. 3d 1058, 1067, 497 N.E.2d 519.) A consent order is a contract and must be reasonably construed by the language chosen by the parties. (*Clark v. Standard Life & Accident Insurance Co.* (1979), 68 Ill. App. 3d 977, 983, 386 N.E.2d 890.) Moreover, the order should be interpreted in its entirety, having reference to other parts of the record, including the pleadings and motions from which the order emanates. *Gagliano v. 714 Sheridan Venture* (1986), 144 Ill. App. 3d 854, 858, 494 N.E.2d 1182.

In the case at bar, the record discloses that, in its 1983 answer to plaintiff's original complaint, defendant raised an affirmative defense. It asserted that an authorized agent of plaintiff agreed to an arrangement whereby plaintiff would be paid for the concrete it would deliver to defendant only when the contractor (W.W.I.) paid

defendant. These are essentially the same terms agreed to by the parties in the consent decree; in other words, the condition precedent for payment was a matter covered by the agreement. No time limitation for payment was inserted in the order, a provision commonly written into agreements to forestall proceedings such as this one. This record suggests that there was no time set for payment because of the original agreement between the parties. After oral argument on plaintiff's motion, the trial court modified the consent order because the payment period had extended over an "unreasonable length of time." However, we must presume that the time for payment was deliberately left open, and the possibility that W.W.I. would never pay defendant must have been considered when, at the time the consent agreement was entered into, plaintiff had already waited three years for payment. Under these facts, plaintiff has not demonstrated that it was wronged by changed circumstances occasioned by W.W.I.'s bankruptcy.

Accordingly, we reverse the modification of the consent agreement by the trial court as an abuse of discretion.

Reversed.

SULLIVAN, P.J., and PINCHAM, J., concur.