**Betty Chamberlin, Plaintiff-Appellant, v. George L. Chamberlin, Defendant-Appellee.**

**Gen. No. 53,890.**

First District, First Division.

December 19, 1969.

Rehearing denied January 20, 1970.

Erwin Cohn, of Chicago, for appellant.

Daniel A. Gallagher, of Chicago, for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This is an appeal by plaintiff, Betty Chamberlin, from a post-decree order of January 17, 1969, in which the trial court ordered plaintiff's present husband, Rudy Yukich, to pay defendant the sum of $100 rent, per month, for the premises located at 9140 South Clifton Park, Evergreen Park, Illinois, and further ordered that plaintiff and her four minor children vacate the above-mentioned premises by the end of the June 1969 school year. Plaintiff contends that error was committed in that the trial court's order affected a nonparty to the lawsuit and the vacating of the premises was in direct violation of the divorce decree.

The record consists entirely of pleadings filed in this cause. A judgment of divorce was entered on December 12, 1965, in favor of the appellant on the grounds of

extreme and repeated cruelty committed by the defendant. The provisions of the decree found the equities in favor of the plaintiff, and then made the following awards which are germane to this appeal:

Custody of the minor children was given to the plaintiff with visitation rights established for the defendant; defendant was to pay $50 per week for child support and was to assume payment of all medical, dental, hospital and other expenses of the minor children; the decree then provided "that the appellant shall have the right to sole and exclusive possession of the premises located at 9140 Clifton Park, Evergreen Park, Illinois, until she abandons same or until the youngest of the minor children of the parties reaches her majority, whichever event occurs sooner"; defendant was awarded title to the premises and plaintiff was required to quitclaim all her interest to the defendant, who was obligated to maintain the premises and pay all encumbrances, taxes, repairs and other expenses in preserving the home; plaintiff was awarded all the household furnishings while defendant was allowed to remove his personal belongings from the premises; defendant was required to deliver 100 shares of stock and the family automobile to the plaintiff; and the final provision contained a complete release of present and future rights of alimony, dower, inheritance and all other right, title, claim and interest by reason of the marital relationship which had existed between the parties.

Following the divorce decree there were several post-decree matters dealing with the amount of child support and child custody problems which arose between the parties. Finally, on January 17, 1969, the order which is the subject of this appeal was entered. The defendant had filed a post-decree petition which sought the plaintiff's removal from the premises located at 9140 Clifton Park in Evergreen Park or alternatively that plaintiff should collect rent from Rudy Yukich and remit this

rent to defendant; further, the petition sought relief from interference with defendant's visitation rights with his minor children. In the petition, defendant alleged and plaintiff admitted that she had married Mr. Yukich sometime prior to the filing of this petition.

■■ With regard to that part of the order requiring Rudy Yukich to pay rent to the defendant, the plaintiff argues that the court lacked power to order a non-party to perform this act. It is axiomatic that a court must have jurisdiction over the person before it can require performance under its order or decree. Therefore, we must reverse that part of the decree concerning the payment of rent by the plaintiff's present husband to the defendant because Mr. Yukich was not a party to this lawsuit. The trial court's order can have no effect upon this individual.

The remaining issue concerns the trial court's order that plaintiff and her minor children vacate the premises at the end of the current school term. The plaintiff contends that the provisions of the decree concerning possession of the home were alimony in gross and were not modifiable by subsequent proceedings. Ill Rev Stats (1967), c 40, § 19. Plaintiff argues this was the intent of the parties when viewed with all the other provisions of the divorce decree and that it would be error to impose the condition of remarriage upon this provision of the decree. Defendant maintains that the trial court was correct in modifying the decree since this was a hybrid provision, providing alimony for the wife and support for the minor children, also citing chapter 40, section 19 of the Ill Rev Stats. He further maintains that because of the indefinite nature of this provision, this must be characterized as alimony which may be modified.

■ This case once again presents the question of whether the award was gross alimony or periodic alimony. See the case of Roberts v. Roberts, 90 Ill App2d 184, 234 NE2d 372 (1967) and the cases cited therein.

298

Both parties rely upon the case of Walters v. Walters, 341 Ill App 561, 94 NE2d 726 (1950), affd 409 Ill 298, 99 NE2d 342 (1951). That case distinguished and defined the terms "alimony" and "alimony in gross." The attributes of alimony were described as an indefinite amount of money paid for an indefinite period of time, based upon the ability to pay in order to maintain one's spouse in that mode of living accustomed to during marriage. The Walters court also stated that alimony was premised upon the common-law duty of a husband to support his wife and was modifiable upon proof of changed circumstances. On the other hand, alimony in gross was characterized in terms of a definite sum payable over a definite period of time, which was not modifiable by changed circumstances. The court then stated at page 574:

> "It is not the label placed by decree upon payments which constitutes them either alimony or lump-sum property settlements [alimony in gross] ; it is the elements inherent in the case as a whole, the record of which the decree is a part, which determine to what category such payments belong."

We choose to follow this recommended procedure, as stated by the Walters decision, by looking to the facts to determine the intent of the provision concerning plaintiff's rights in these premises. For this reason, we cannot rely upon the cases cited by the parties in this case which are inapplicable due to factual differences with the instant case. Thus, we must reach our conclusion from a perusal of the divorce decree provisions.

■ The decree in the instant case shows that plaintiff was required to quitclaim all her interest in the premises involved, while the defendant received the title and assumed all obligation of maintaining the home. The only thing that plaintiff received was the right to sole possession of the premises subject to contingencies

that on her voluntary relinquishment or the majority of the youngest child, the possessory rights were terminated. We would agree that a certain degree of indefiniteness as to the value and length of this award is present from this provision. However, the element of indefiniteness does not persuade us to hold that this was an alimony provision subject to modification. On the contrary, we are of the opinion that as to plaintiff this provision was a property settlement subject to conditions imposed by the parties as to the possession of these premises. We are persuaded in this view because of the waiver of alimony contained in the last provision of the decree which shows a contrary intent from that contended by the defendant. Our view of the entire decree leads us to conclude that a property settlement was intended, wherein the wife was given the household furnishings, an automobile and some corporate stock, while defendant received title to the premises free of all the plaintiff's interest with only the possession postponed for the benefit of the wife and children.

We agree with defendant's contention that the provision did concern the minor children's support and to this extent was a benefit to them. Thus, defendant argues that pursuant to section 19 of the Divorce Act (Ill Rev Stats 1967, c 40, § 19), the trial court could modify the award as to the children. However, from the record it would appear that defendant has not sustained his burden in showing such a change of circumstances that would justify a court in changing the child support provisions of the decree. Kelleher v. Kelleher, 67 Ill App2d 410, 214 NE2d 139 (1966). We are not persuaded that the removal of these children from their home would benefit them in any respect.

For these reasons, the judgment of the Circuit Court of Cook County is reversed and the cause remanded for

further proceedings not inconsistent with the views we have expressed.

Reversed and remanded.

MURPHY and BURMAN, JJ., concur.