PATRICIA W. BOOTH, Plaintiff-Appellant, *v.* LEONARD J. BOOTH, Defendant-Appellee.

(No. 56289; ■■■■■■

First District—May 24, 1972.

Cummings & Wyman, of Chicago, (Austin L. Wyman, Jr., of counsel,) for appellant.

Leonard J. Booth, *pro se.*

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Patricia Booth, appeals from an order which modified the original divorce decree by sustaining the motion of the defendant, Leonard Booth, for a reduction in alimony. On appeal the plaintiff's contentions are:

1. That the modification of the decree was unreasonable and improper; and

2. That the trial court abused its discretion in awarding only one-half the amount of attorney's fees requested.

The facts are as follows:

On June 6, 1967, a decree of divorce was granted and plaintiff was awarded $500.00 per month alimony, $416.66 per month child support and custody of four children. Defendant was also required to set up a $4,000 trust fund for the education of the children. Later, defendant was ordered to provide for his children's college education by paying $50.00 per month per child in college until December 31, 1971 and $100.00 per month per child in college thereafter.

On April 6, 1971, defendant filed a motion for reduction in alimony. In response, plaintiff filed a motion to increase child support. It was stipulated during the hearing that plaintiff presently received $7,600.00 per year as a school teacher. Plaintiff's attorney stated that "there were no minor children presently at home." Defendant testified that he was deeply in debt, in danger of losing his job and owed $1,756.00 in attor-

ney's fees. Defendant also testified that he had remarried and that his net income was less than $1,400.00 per month.

Plaintiff's first contention was that the modification of the divorce decree was unreasonable and improper.

■■ The record reveals that there was a substantial change in circumstances which supported defendant's motion for modification of the decree. Defendant had remarried. While this circumstance does not present in itself a change of conditions sufficient to warrant modification of alimony, it is a factor to be taken into account together with all other circumstances. Defendant had debts of almost $5,000.00. The children were no longer minors and did not live at home. These significant factors along with the fact that the plaintiff was employed as a school teacher supported the trial court's determination that there was a substantial change in circumstances.

■■ Plaintiff cited *Chamberlin v. Chamberlin*, 119 Ill.App.2d 295, 256 N.E.2d 159 and *Walters v. Walters*, 341 Ill.App. 561, 94 N.E.2d 726, as holding that a wife is entitled to receive alimony which will maintain her in that mode of living accustomed to during marriage. Both cases concerned discussing and defining the terms alimony and alimony in gross. Both cases also held that alimony was modifiable upon proof of change of circumstances. In the instant case defendant has shown that plaintiff's needs have decreased and his ability to pay has decreased.

Plaintiff cited *Bidle v. Bidle*, 348 Ill.App. 222, 108 N.E.2d 790, in which the evidence showed that the wife was earning a salary when the decree was entered. In the instant case plaintiff was not earning $7,600.00 annually when the decree was entered.

■■ Whether the alimony to be paid by the defendant should have been reduced rested within the sound discretion of the court. We cannot say on this record that the trial judge abused his discretion.

■■ Plaintiff's second contention was that the trial court abused its discretion in awarding only one-half of the amount of attorney's fees requested. It is well settled that allowance of attorney's fees rests within the sound discretion of the trial court and will not be set aside in the absence of a clear showing of abuse. (*Blowitz v. Blowitz*, 75 Ill.App.2d 386, 221 N.E.2d 160.) The disallowance of one-half the attorney's fees requested was in our opinion within the sound discretion of the court and we perceive no abuse therein.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.