MARIE A. BARLOW, Plaintiff-Appellant, *v.* CARREL A. BARLOW, Defendant-Appellee.

Second District No. 76-575

Opinion filed January 19, 1978.

Mathew P. Cicero, of Rockford, for appellant.

William R. Beu, of Rockford, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

This appeal arises out of a dispute over the proper interpretation of a divorce decree as to the disposition of the marital home. The issues before this court are whether the trial court properly considered extrinsic evidence to aid in its interpretation of the divorce decree and whether the trial court's decision was contrary to the manifest weight of the evidence. Upon a review of the record and weighing the arguments presented, we find the trial court properly considered extrinsic evidence when it

interpreted the decree and that its decision was not contrary to the manifest weight of the evidence. Accordingly, we affirm the judgment of the circuit court of Winnebago County.

The plaintiff-appellant, Marie A. Barlow, hereinafter referred to as the plaintiff, and the defendant-appellee, Carrel A. Barlow, hereinafter referred to as the defendant, were married in 1948 and divorced in 1962. The marriage produced four children who were placed in custody of their mother, the plaintiff. The 1962 divorce decree also gave the plaintiff the "use" of the marital home without specifying any time limitation and required the defendant to pay $65 per week in child support. The decree also states that both parties have waived alimony. In 1963, the plaintiff petitioned for a modification of the divorce decree, asserting that $65 per week was "insufficient to maintain a home for the minor children." Plaintiff's petition resulted in the defendant's being ordered to pay one-half the mortgage and taxes on the marital home.

The marital home was purchased in joint tenancy. However, upon the entry of the divorce decree, the defendant conveyed his interest in the marital home to his attorney, who, in turn, conveyed it back to the defendant via a quit claim deed, thereby converting the joint tenancy to a tenancy in common.

In February 1976, the defendant filed a petition to partition the marital home and to divide the proceeds of the sale evenly between the plaintiff and himself. On June 28, 1976, the defendant filed a petition to modify the divorce decree, praying that the plaintiff's use of the marital home be terminated. The plaintiff responded with a counterpetition which alleged that the decree entitled her to a life use of the marital home and prayed that she be given compensation for the loss of that use when the marital home is sold pursuant to the defendant's petition to partition.

The trial court was compelled to proceed without the benefit of a report of the original divorce proceedings. Apparently no transcript had been made, and both attorneys had either lost or destroyed their notes on the case, thereby negating the possibility of a bystander report. Hence, the trial court had no record to aid it in interpeting the intent of the parties.

The defendant's petition to partition and petition to modify the divorce decree and the plaintiff's counterpetition were consolidated for a hearing. It was the defendant's position that the plaintiff had been given the "use" of the marital home so as to provide a home for the couple's children, and since the youngest child had reached the age of majority, that need no longer existed. Therefore, the defendant asserts, his petition for partition and petition for a modification of the decree should be granted and the proceeds of the sale should be equally divided.

The plaintiff's position was that the divorce decree intended to give her

the use of the marital home for life. Therefore, she contends, upon the sale of the marital home pursuant to the defendant's petition to partition, she should be given credit for the value of her life use of the home before the proceeds of the sale are divided.

Faced with these contradictory positions, the trial court admitted extrinsic evidence to show the intent of the 1962 divorce decree. The evidence presented showed the marital home had been purchased on a 17-year mortgage. The downpayment and mortgage payments had come solely from the defendant's earnings. The plaintiff had not been gainfully employed during the course of the marriage.

The trial court found in the defendant's favor and ordered the divorce decree modified so as to terminate the plaintiff's use of the marital home.

The plaintiff has appealed, contending that the trial court misinterpreted certain language in the divorce decree when it terminated her use of the marital home.

■■■ In arriving at its decision, the trial court considered extrinsic evidence to clarify the meaning of the divorce decree. Extrinsic evidence may be used to aid in the interpretation of a divorce decree only where the decree has an ambiguity that is susceptible to being interpreted in more than one sense. (*Sudler v. Sudler* (1972), 6 Ill. App. 3d 546, 286 N.E.2d 113.) In the case at hand, the divorce decree was subject to two interpretations. In light of the fact that plaintiff was not given alimony, the court issuing the divorce decree could have intended her to have the "use" of the marital home for life instead of alimony. This is the interpretation the plaintiff has given the divorce decree. On the other hand, the fact that the defendant was ordered to make half the mortgage and tax payments after plaintiff petitioned for an increase in child support tends to show that the court which issued both the decree and the modification intended the plaintiff to have the use of the marital home as a form of child support. There being an ambiguity in the decree, the trial court properly considered extrinsic evidence. Upon a review of the record we find that the judgment of the trial court is supported by the evidence and therefore should not be overturned. (*Lau v. West Towns Bus Co.* (1959), 16 Ill. 2d 442, 158 N.E.2d 63; *Yale Development Co. v. Texaco, Inc.* (1977), 51 Ill. App. 3d 616, 366 N.E.2d 892.) Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

SEIDENFELD and WOODWARD, JJ., concur.