MARY ELLEN STAUB, Plaintiff-Appellant, *v.* ELMER N. STAUB, Defendant-Appellee.

Fifth District   No. 78-48

Opinion filed December 28, 1978.

Markowitz, Lawrence, Jennings, Naylor & Mueller, of Bloomington (Charles G. Reynard, of counsel), for appellant.

Richard A. Degen, of Belleville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff, Mary Ellen Staub, appeals from the judgment entered in her divorce action by the circuit court of St. Clair County, alleging that the trial court erred in failing to award her any interest in a certain trust established by her husband, Elmer N. Staub. Mr. Staub pursues a cross-appeal asserting that the court improperly awarded Mrs. Staub both periodic alimony and alimony in gross.

On July 14, 1976, Mrs. Staub commenced a suit for divorce in St. Clair County. She subsequently filed an amended complaint with two counts. In count II of the complaint, she sought a declaration that the "Elmer Staub Trust" acted as a fraud upon her rights, and an award of a portion of the assets comprising its *res*.

At trial it was established that the instant trust agreement was executed by Mr. Staub on June 19, 1975. According to Amil Haudrich, vice-president and trust officer of the Belleville National Savings Bank, the agreement was substantially the same as any other irrevocable trust. Under its terms the trustee bank is directed to pay to Mr. Staub during his lifetime all of the net income of the trust and such part of the principal as the trustee determines to be required or desirable for his support or welfare. Mrs. Staub would derive a benefit from the trust only if the trust's assets were not exhausted in settling Elmer's estate and she were to survive him, be his wife and be living with him at the time of his death.

The assets placed in the trust were approximately $24,000 in cash and bank stock, an undivided half interest in a farm, 1007 shares of Sears, Roebuck & Co. stock, and $19,900.13 cash. The first two items were bequeathed to Elmer by his parents, and the last two were the proceeds of an employee profit-sharing plan which Elmer received upon the termination of his employment with Sears. At the time of trial the value of these assets, excluding the land, was $104,000.

In the divorce decree entered on July 15, 1977, the circuit court found that the "Elmer Staub Trust" was valid and that it would not be disturbed. In part, the decree also awarded Mrs. Staub periodic alimony in the amount of $400 per month and sole title to the jointly owned marital residence.

Mr. and Mrs. Staub each filed a post-trial motion. Mrs. Staub's motion was filed October 20, 1977; it requested the court to set aside the part of the decree which pertained to the trust and to enter an order awarding a portion of the trust to her. Both motions were denied on November 1, 1977.

Our first task in this appeal is to determine what statute governs the merits of this appeal, the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*) or the new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*). Mrs. Staub contends that the new act governs since her post-trial motion was filed subsequent to its October 1, 1977, effective date. We cannot agree.

Section 801 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 801) provides a framework for determining whether it or the former act applies to a marital case.

■■ Although both parties present arguments based upon section 801(d) of the new Act, that section is not applicable here since no appeal was pending prior to October 1, 1977. (See *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 376 N.E.2d 1382; *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 370 N.E.2d 1028 (supplemental opinion on denial of rehearing); Ill. Rev. Stat. 1977, ch. 40, par. 801(d).) Similarly, sections 801(a) and (c) are not applicable since we are not dealing with an action commenced on or after October 1, 1977, or a modification proceeding commenced after such date. Ill. Rev. Stat. 1977, ch. 40, pars. 801(a) and (c).

The section relevant to this cause is section 801(b) (Ill. Rev. Stat. 1977, ch. 40, par. 801(b)). It provides in part as follows:

> "This Act applies to all pending actions and proceedings commenced prior to its effective date [October 1, 1977] with respect to issues on which a judgment has not been entered."

Under this provision, the relevant question is whether a judgment on the particular issue was entered prior to October 1, 1977. If it was, the Divorce Act, not the new act, supplies the law applicable to the case.

■ The *precise question presented here* is whether for purposes of section 801(b) the judgment on the issues of this cause was entered on July 15, 1977, when the written judgment order was filed or on November 1, 1977, when the post-trial motions were denied. We find that the salient event is the entry of the written judgment order and that this appeal must consequently be decided on the basis of our former divorce act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*).

We believe our conclusion is consistent with what little case-law is available on section 801(b) and that it is dictated by common sense.

In *West v. West* (1978), 62 Ill. App. 3d 963, 379 N.E.2d 930 (leave to appeal filed, docket number 51266), the Fourth District Appellate Court held that a judgment is entered for the purposes of section 801(b) when the written order is filed in the trial court and that the Illinois Marriage and Dissolution of Marriage Act applied to the case there under consideration since the written order had been filed on November 2, 1977. An opposite result is required here since the written judgment order was entered in July, 2½ months prior to the effective date of the new act.

■■ Although a trial court retains jurisdiction over a judgment order for a certain period of time after it has been filed to rectify any errors which might be brought to its attention, the order or judgment is undoubtedly "entered" when it is filed.

In our estimation, the legislature attempted through section 801(b) to allow only those issues which had not been fully litigated prior to the effective date of the new act to be decided under the new law. It is not this section's intent to require the relitigation of issues already decided under the previous law simply because post-trial motions are pending or filed after the effective date of the new act.

Although the following remarks were made with reference to cases in which an appeal was pending prior to the effective date of the new act and thus controlled by section 801(d) rather than 801(b), they are equally applicable to a situation such as this where an order on all issues was entered several months prior to the effective date of the new act.

> " 'The purpose of this provision is to allow the correction on appeal * * * of errors made in applying the law in effect at the time of the original hearing pursuant to that law. Changing the rules on appeal * * * seems unfair to the party prejudiced by the error.' " (*Sommer v. Borovic* (1977), 69 Ill. 2d 220, 239, 370 N.E.2d 1028, 1035 (supplemental opinion on denial of rehearing).)
> "Application of the new act to cases already decided at the trial level would not only be grossly unfair to one of the parties, it would also create an intolerable burden on the judicial system, requiring a court of review to decide issues without the benefits of vigorous advocacy attendant to a hearing on the merits or an initial determination by a trial court." *McArdle v. McArdle* (1977), 55 Ill. App. 3d 829, 833, 370 N.E.2d 1309, 1312.

The assertion of an interest in the trust's assets which Mrs. Staub makes in this court is based solely on the new act. She does not contend that she had any title or rights with respect to them under the Divorce Act, and we can ascertain no basis for finding any such interest.

■■ All of the property that Mr. Staub placed in the trust is considered his under the Divorce Act, being property which he either acquired through inheritance or his employment. Mrs. Staub could have been awarded an interest in this property only if she had alleged and proved special equities in it under section 17 of the Act (Ill. Rev. Stat. 1975, ch. 40, par. 18) or if the trial court had chosen to award her an interest as alimony in gross in lieu of the more customary periodic alimony (Ill. Rev. Stat. 1975, ch. 40, par. 19). (See *Stotlar v. Stotlar* (1977), 50 Ill. App. 3d 790, 365 N.E.2d 1097.) Since she did not allege or prove any special equities in this property, and the trial court ordered Mr. Staub to make periodic payments of alimony, thus precluding any award of alimony in gross

(*Stotlar v. Stotlar; Rich v. Rich* (1975), 24 Ill. App. 3d 1083, 322 N.E.2d 610), this court may not reverse the trial court's disposition with respect to this property. The establishment of this trust could not have perpetrated a fraud upon Mrs. Staub's rights since she had no rights in this property when the trust was set up or when the trial court entered the instant divorce decree.

We now turn to Mr. Staub's cross-appeal which presents the question whether the trial court erred in awarding Mrs. Staub both periodic alimony in the amount of $400 per month and Mr. Staub's half interest in the jointly owned marital residence.

■ Since Mrs. Staub made no claim of special equities in the marital residence, the conveyance of Mr. Staub's interest in the residence must be considered an award of alimony in gross under section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19). It is well settled that section 18 means that if the court orders a party to make periodic payments of alimony to his or her ex-spouse, it cannot also grant alimony in gross by ordering the conveyance of property from one to the other in lieu of alimony. (*Stotlar v. Stotlar; Rich v. Rich; Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47.) It was therefore error for the trial court to make both of the awards mentioned above. Mr. Staub asks that we correct this error by reversing the award of periodic alimony. This we will not do. Considering the traditional preference for periodic alimony (*Musgrave v. Musgrave* (1976), 38 Ill. App. 3d 532, 347 N.E.2d 831; *Seniuta v. Seniuta* (1975), 31 Ill. App. 3d 408, 334 N.E.2d 261) and the demonstrated need of Mrs. Staub for a supplement to her monthly income of less than $300, we find that we must reverse the provision of the judgment which awarded her sole title to the marital residence instead of the provision which awarded her periodic alimony.

■ Mrs. Staub's last contention is that the alimony award is insufficient. The amount of an alimony award lies within the sound discretion of the trial court and its decision will not be set aside unless it is contrary to the manifest weight of the evidence. (*Stotlar v. Stotlar; Gilmore v. Gilmore* (1975), 28 Ill. App. 3d 36, 328 N.E.2d 562.) Rather than determine at this point whether the award of periodic alimony was or was not against the manifest weight of the evidence, we have elected to remand that phase of the case to the trial court for its further consideration. It is possible that the trial court in exercising its discretion in fixing the amount of the periodic alimony places some weight upon the fact that he had awarded the defendant's one-half interest in the residence to the plaintiff. Since that award has now been set aside as repugnant to the award of periodic alimony, the trial court should reconsider the amount of the award of periodic alimony and enter an appropriate judgment thereon.

For the foregoing reasons, we reverse the award of Mr. Staub's

interest in the marital residence to Mrs. Staub and remand this cause to the trial court for entry of a judgment with respect to this property that is consistent with this opinion. We further remand the cause to the trial court for the purpose of a reconsideration of the amount of periodic alimony to be awarded to Mrs. Staub and entry of an appropriate judgment thereon. In all other respects the judgment of the circuit court of St. Clair County is affirmed.

Reversed in part; affirmed in part, and remanded.

G. MORAN, P. J., and KUNCE, J., concur.