ROBERT E. LAMP, Plaintiff-Appellee, *v.* SUSAN M. LAMP, Defendant-Appellant.

Fifth District   No. 78-557

Opinion filed July 9, 1979.—Rehearing denied July 27, 1979.

JONES, J., dissenting.

John R. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellant.

Jim D. Keehner, of Jim D. Keehner, Ltd., of Belleville, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Susan Lamp appeals from the judgment of the Circuit Court of St. Clair County modifying a divorce decree to provide for the immediate sale of the parties' marital home.

In December 1974, Robert Lamp obtained a divorce from defendant-appellant, Susan Lamp. The decree incorporated an agreement of the parties whereby the marital home, apparently owned in joint tenancy, would remain in the possession of the wife during the minority of the children of the parties. Provision was made for the payment of the mortgage by the husband, the division of maintenance expenses by the parties and the division of the proceeds upon the eventual sale of the home.

The part of the decree here in issue provided that the real estate would be sold when the youngest of the minor children of the parties

attained the age of 18 years, or when the wife remarried, whichever occurred first. The decree further awarded custody of the children to the wife, provided for child support and awarded the wife $300 "temporary" alimony for a period of three months, without prohibition of further alimony, all as agreed upon by the parties.

In February 1977, by agreement of the parties, the decree was modified and custody of the three minor children was transferred to the father who had remarried.

On October 16, 1978, on petition of Robert Lamp, the decree was further modified to provide for the immediate sale of the residence and division of the proceeds of sale according to the formula contained in the original decree. The trial court's opinion stated that the former wife's possessory interest awarded to her in the 1974 decree could be viewed as periodic alimony, a provision for child support or a combination thereof. Considering the change of circumstances, the transfer of custody to the father, the court concluded that it was authorized to modify the decree, citing as authority *Chamberlin v. Chamberlin*, 119 Ill. App. 2d 295, 256 N.E.2d 159 (1969).

Susan Lamp contends on appeal that the award of possession of the marital home as provided in the original decree is a vested property right which is not subject to modification; that until she remarries or the youngest child attains the age of 18 years, she is entitled to possession even though she no longer has custody of the children. Robert Lamp contends that the provision either viewed as periodic alimony or a provision for child support was properly modified considering the substantial change of circumstances.

■■ ■ Susan also contends on appeal that she occupied the residence as her homestead even though she is not the head of a household nor was she found to be an innocent spouse and cites extensively cases construing the homestead act (Ill. Rev. Stat. 1977, ch. 52, par. 1 *et seq.*). We do not believe the homestead act has any bearing on the issue before us. The homestead act merely creates an exemption as a protection against creditors. It has no relevancy as between joint tenants (*Phillips v. Phillips*, 74 Ill. 2d 27, 383 N.E.2d 973 (1978); *Gottemoller v. Gottemoller*, 37 Ill. App. 3d 689, 346 N.E.2d 393 (1976); *Berg v. Berg*, 45 Ill. App. 3d 422, 359 N.E.2d 892 (1977).) To interject the homestead act into this case obscures the issue before us for decision. In any event section 5 of the homestead act (Ill. Rev. Stat. 1977, ch. 52, par. 5) provides that in the event of divorce, the court may dispose of the homestead estate "according to the equities of the case." The original decree incorporating the agreement of the parties provided for the sale and division of proceeds. The homestead estate was effectively disposed of at that time. *Krusemark v. Stroh*, 385 Ill. 64, 52 N.E.2d 156 (1943).

■■ The new Marriage and Dissolution of Marriage Act is applicable to proceedings commenced after October 1, 1977, involving the modification of maintenance (periodic alimony) and child-support provisions of divorce decrees entered prior to the effective date of the new act. (Ill. Rev. Stat. 1977, ch. 40, par. 801(c); *Pierce v. Pierce*, 69 Ill. App. 3d 42, 386 N.E.2d 1175 (1979).) However, as to property settlement provisions, including awards of alimony in gross, incorporated into divorce decrees which became final before the effective date of the new act, the law then in effect, including the provisions of the former divorce act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*) would govern. (*Pierce v. Pierce*; *Staub v. Staub*, 67 Ill. App. 3d 1004, 385 N.E.2d 771 (1978).) In any event, section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 510(a)), as here applicable, is a recodification of prior law.

Provisions respecting the disposition of the parties' property incorporated in a divorce decree are not subject to modification, whether labeled a property settlement or an award of alimony in gross payable in installments. This has been established law in Illinois and needs no elaboration. (*Walters v. Walters*, 409 Ill. 298, 99 N.E.2d 342 (1951); *Jamal v. Jamal*, 98 Ill. App. 2d 180, 240 N.E.2d 246 (1968); *Brickey v. Brickey*, 44 Ill. App. 3d 563, 358 N.E.2d 406 (1976).) This principle was incorporated in section 18 of the former divorce act (Ill. Rev. Stat. 1975, ch. 40, par. 19), and is reaffirmed without change in section 510(a) of the new act.

In *Chamberlin v. Chamberlin*, 119 Ill. App. 2d 295, 256 N.E.2d 159 (1969), the court construed a similar provision in a decree of divorce. The decree provided that the wife, who was given custody of the children, would have exclusive possession of the marital home until the youngest of the minor children reached her majority. She subsequently remarried and the court modified the decree and required her removal from the premises, title to which had been awarded to the husband. On appeal, she argued that the provision in the decree awarding her possession was a property settlement or alimony in gross, not subject to modification.

The court stated it must determine the intent of the provision in the decree by examining all the attendant facts. In so doing, the court noted that the original decree required the wife to convey her interest in the premises to the husband; that the decree made no provision for periodic alimony in money; and that items of personal property were awarded to the wife. Considering the entire decree and specifically that title to the property was awarded to the husband, the court concluded that as to the wife, the award of possession was a property settlement. However, the court further concluded:

"[T]he provision did concern the minor children's support and to this extent was a benefit to them. Thus, defendant argues that pursuant to section 19 of the Divorce Act (Ill Rev Stats 1967, c. 40, §19), the trial court could modify the award as to the children. However, from the record it would appear that defendant has not sustained his burden in showing such a change of circumstances that would justify a court in changing the child support provisions of the decree. [Citation.] We are not persuaded that the removal of these children from their home would benefit them in any respect." 119 Ill. App. 2d 295, 300; 256 N.E.2d 159, 161-62.

The appellant does not here contend that the transfer of custody of the children to the father was not a substantial change in circumstances. Nor did the original decree deprive the wife of her interest in the marital home, as she is to share in the proceeds of sale.

■■ We believe the trial court was correct in considering the award of possession to the wife until the youngest child reached the age of 18 years to be an award of child support for the benefit of the children, not a property settlement or award of alimony in gross.

The decree also terminated her right to possession upon remarriage; however, periodic alimony, now maintenance, is always terminated upon remarriage of the former spouse. We believe this indicates that the intent of the decree as to her was to award possession only as periodic alimony.

■■ The decree also awarded the wife $300 periodic alimony. Further awards of periodic alimony were not precluded. It is established that an award of periodic alimony precludes alimony in gross. (*Pierce v. Pierce*; *Stotlar v. Stotlar*, 50 Ill. App. 3d 790, 365 N.E.2d 1097 (1977).) Considering the indefinite duration of the wife's award of possession and the traditional preference of the law for periodic alimony rather than alimony in gross (*Musgrave v. Musgrave*, 38 Ill. App. 3d 532, 347 N.E.2d 831 (1976)), we conclude her award of possession of the home, as distinguished from the children's award of possession, to be maintenance or periodic alimony subject to modification upon a proper showing of change of circumstances. We cannot view her award of temporary possession as conferring on her a vested property right. The transfer of custody of the children to the father was clearly a substantial change of circumstance. The marital home was no longer needed for their support.

The primary purpose of the award of possession, however, was to provide a home for the minor children of the parties. We believe the trial court properly concluded that the purpose of the provision was to furnish a home and, therefore, support for the children. (*Pope v. Pope*, 7 Ill. App. 3d 935, 289 N.E.2d 9 (1972).) A like conclusion was reached in *Barlow v. Barlow*, 56 Ill. App. 3d 629, 372 N.E.2d 422 (1978).

For the reasons stated, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

KUNCE, J., concurs.

Mr. JUSTICE JONES, dissenting:

Glaring factual differences serve to distinguish this case from, and render inapplicable, the cases of *Chamberlin v. Chamberlin, Pope v. Pope* and *Barlow v. Barlow*. Having placed sole reliance upon those cases, and the rule for which they stand, the trial court and the majority have reached an erroneous result and I accordingly respectfully dissent.

The distinguishing factors which set this case apart are (1) that the residence in question was owned in joint tenancy by the parties and, (2) the provision of the December 3, 1974, decree of divorce which granted Susan possession of the residence for a stated period was the result of a contract or agreement for division of property. The judgment of the trial court and the majority opinion have deprived Susan of the benefits of her contract and of her one-half ownership of the residence by the application of what was found to be a "change in circumstances," a wholly inapplicable standard.

The order of the trial court which we review expressly made the following finding of fact:

"1. That the decree of December 3rd, 1974, was not the result of a contested hearing reflecting the decision of the Court. Rather, the support and property provisions therein were the result of negotiations between the parties and approved by the Court."

Thus, the disposition of the property of the parties, and in particular the term of possession of the residence granted to Susan, was not derived by the court as the result of contested litigation but was instead the adoption and recital in the court's decree of the agreement of the parties. That there was consideration for the agreement flowing both ways cannot be questioned. The agreement regarding Susan's possession of the residence for the stated term was in no way tied to or conditioned upon the custody or place of residence of the children.

A judgment by consent is in substance a contract of record made by the parties and approved by the court. A judgment by consent is not a judicial determination of any litigated right, and it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; it is merely the act of the parties consented to by the court. 49 C.J.S. *Judgments* §173 (1947).

"A consent decree is not a judicial determination of the rights of the

parties. It does not purport to represent the judgment of the court but merely records the agreement of the parties. A decree so entered by consent can not be reviewed by appeal or writ of error. (*Paine v. Doughty*, 251 Ill. 396; *Galway v. Galway*, 231 id. 217.) It can only be set aside by an original bill in the nature of a bill of review. (*Hohenadel v. Steele*, 237 Ill. 229.)" *Bergman v. Rhodes* (1929), 334 Ill. 137, 143, 165 N.E. 598.

The rule regarding the nature of consent judgments as contracts, as above set forth, has been followed by the courts of Illinois in many cases, the citations of which are too numerous to mention. Typical of these is the following from *Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 127, 309 N.E.2d 356, 359:

"A consent decree is based upon the agreement of the parties. It may supersede both pleadings and evidence and even go to the extent of pointing out and limiting the relief to be granted. Such a decree is conclusive upon the parties and cannot be amended or varied without the consent of each of them. (*People ex rel. Stead v. Spring Lake Drainage & Levee District* (1912), 253 Ill. 479, 97 N.E. 1042.) A consent decree reflects the determination of the parties to end their controversy. It is like a written contract and should be enforced as written. *City of Kankakee v. Lang* (1944), 323 Ill. App. 14, 54 N.E.2d 605.

A written contract cannot be set aside on the ground that it is fraudulent where the alleged fraudulent provision appears on the face of the contract so that it was equally open to the knowledge of both parties, or where the party charged with the fraud neither urged its acceptance upon the other nor misled or induced the other to accept and execute it by any statement or misrepresentation as to its meaning or legal effect. (*Paine v. Doughty* (1911), 251 Ill. 396, 96 N.E. 212.) Likewise, a court will not vacate a consent decree without a showing of fraudulent misrepresentation or coercion in the making of the agreement, or the incompetence of a contracting party or gross disparity in the position or capacity of the parties. *Guyton v. Guyton* (1959), 17 Ill. 2d 439, 161 N.E.2d 832, *Jackson v. Ferolo* (1972), 4 Ill. App. 3d 1011, 283 N.E.2d 247."

In the cases of *Chamberlin, Pope* and *Barlow* relied upon by the majority the court was construing the property disposition portions of divorce decrees which had been rendered following adversarial litigation. Section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19) furnished the authority for the courts in those cases to allocate the parties' rights and liabilities respecting their property and the support of their children. The court was thus free to interpret the decrees to determine

whether there was some interplay between the possession of the residences and the custody of children during their minority.

Precluding such interpretation in this case is the fact that the possession of the residence was conferred upon Susan by a contract or agreement.

"The jurisdiction of courts of equity to hear and determine divorce cases is conferred only by statute. The court hearing divorce matters does not exercise general equity powers. (*Smith v. Smith*, 334 Ill. 370, 379 (1929); *Smith v. Johnson*, 321 Ill. 134, 140 (1926); *Farah v. Farah*, 25 Ill. App. 3d 481, 487 (1975).) The court in a divorce action may adjust the equities of the parties in any property owned by them jointly. (*Podgornik v. Podgornik*, 392 Ill. 124, 126 (1945); (Ill. Rev. Stat. 1973, ch. 40, par. 18).) However, where the parties do not rely upon the statutory powers of the court for the adjustment of their property rights but instead adjust those rights by mutual agreement, the parties are concluded by their agreement. (*Smith v. Smith*, 334 Ill. 370, 378-79 (1929); *Gold v. Gold*, 17 Ill. App. 3d 11, 14 (1974).) When a property settlement agreement is approved by the court and embodied in a divorce decree, the trial court is without authority to modify it, set it aside, or enter a decree contrary to it except upon proof that the agreement was secured by fraud or coercion or is contrary to any rule of law, public policy, or morals. (*Swannell v. Wilson*, 400 Ill. 138 (1948); *Smith v. Smith*, at 379; *Gaddis v. Gaddis*, 20 Ill. App. 3d 267, 270 (1974).)" *Chodl v. Chodl* (1976), 37 Ill. App. 3d 52, 53, 344 N.E.2d 711, 713.

In this case Susan was the owner in fee simple of an undivided one-half interest in the residence. The only means or manner whereby that interest was submitted to the court was the property settlement agreement which was submitted to the court at the time of the original divorce action and incorporated in the decree. By the terms of that agreement Susan continued as the owner of her interest and, in addition, obtained an agreement that she could remain in possession of the property until her youngest child reached age 18 or until her remarriage. The agreement further provided that upon the occasion of either of the two stated conditions the residence would be sold and the proceeds divided in accordance with the agreement.

The exact nature of Susan's interest in the residence need not be determined. But as a minimum she remained the owner of a one-half interest subject to an agreement to sell at a future determinable time; in addition she was in possession until the time of sale. She was thus in possession both as an owner (the right to possession is an incident of ownership) and under her agreement with Robert. The agreement for

possession also granted possession as a matter of right and under the circumstances it was at least a chattel real and constituted a valuable interest in property.

By the order under consideration Susan has been prematurely deprived of the ownership of her one-half interest in the residence and has lost her rights to possession to which she was entitled both as an owner and a contract beneficiary. That Susan's loss thus suffered is attributed to "a change in circumstances" is totally irrelevant. As applied in this case the phrase is a mere vagabond, a meaningless generality without association or meaning in the case. Under the applicable case and statutory law all the court could do was enforce the contract as made.

I would reverse the order of the trial court.