FERDINAND E. KOWALSKI, Plaintiff-Appellant, *v.* LORRAINE KOWALSKI, Defendant-Appellee.

First District (5th Division)    No. 80-415

Opinion filed May 22, 1981.

James J. Flynn and George P. Lynch, both of Chicago, for appellant.

Michael Levin, of Chicago (Jerome Marvin Kaplan, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Ferdinand E. Kowalski, plaintiff, appeals from a trial court order which denied his request to terminate alimony to his former wife, Lorraine, (defendant). The order abated alimony for the period from November 1973 to January 1977, and defendant cross-appeals from this portion of the order. The issues presented for review are (1) whether or not defendant's conduct came within the purview of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 510(b), 801) (Marriage Act); (2) whether or not the trial court erred in failing to terminate alimony; and (3) whether or not the trial court erred in abating alimony for the period of cohabitation. We affirm in part, reverse in part and remand with directions. The pertinent facts follow.

A decree of divorce by default in favor of Ferdinand was originally entered on October 21, 1969, which provided for a waiver of alimony by Lorraine. Lorraine filed a petition to vacate the decree in March 1971, and an order was entered on this in October 1972. The parties were finally divorced on May 6, 1974, and Lorraine was awarded $100 per week in permanent alimony.

On July 13, 1979, Ferdinand filed an amended motion to terminate alimony, alleging among other things that:

"From approximately October, 1975 to and including March, 1978, the Defendant and Counterplaintiff resided and cohabitated with Ray Landeck on a resident, continuing conjugal basis."

Lorraine testified that she had lived with Landeck as his common law wife for a period of three years from November 1973 to December 1976. At the conclusion of the hearing, the trial court denied the motion to terminate alimony but abated the amount owed for the period of cohabitation which it determined to be from November 1973 to January 1977. The court reasoned that during the time of defendant's cohabitation, she was a ward of the court, and this may be considered a factor in its determination.

OPINION

The first issue to be considered is the application of the Marriage Act, which became effective October 1, 1977, to defendant's conduct. Both parties acknowledge that defendant's incompetency has no effect on the proceedings involved here. Ferdinand argues that the statute provides in pertinent part as follows:

"§801. Application

(a) This Act applies to all proceedings commenced on or after its effective date.

(b) This Act applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered * * *.

(c) This Act applies to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to the effective date of this Act." (Ill. Rev. Stat. 1977, ch. 40, par. 801.)

As such, any proceedings commenced subsequent to the effective date of the Marriage Act to modify alimony or maintenance are governed by its provisions. We do not quarrel with this contention that the Marriage Act governs the proceedings insofar as the petition for modification was filed in July 1979. However, we are asked to consider the *conduct* of defendant as a basis for termination under section 510(b)[1] of the Marriage Act.

Plaintiff relies on *Lamp v. Lamp* (1979), 73 Ill. App. 3d 713, 392 N.E.2d 349, and *In re Custody of Ehr* (1979), 77 Ill. App. 3d 540, 396 N.E.2d 87, as support for his argument that the Marriage Act governs

---

[1] Section 510(b) of that Act provides as follows:
"The obligation to pay future maintenance is terminated upon the death of either party, or the marriage of the party receiving alimony, or if the party receiving maintenance cohabits with another person on a resident, continuing conjugal basis."

defendant's conduct in this instance. This reliance is misplaced. In both *Lamp* and *Ehr*, we stated that the Marriage Act governed petitions for modifications filed on or after October 1, 1977, but in each of these instances we looked at the conduct or condition in issue only as it was present at the time of the petition. In *Lamp*, defendant was awarded possession of the marital home during the minority of the parties' children, which would be sold upon the youngest child attaining the age of 18 years or her remarriage. Plaintiff obtained custody of the children by agreement in February 1977 and in October 1978 filed a petition for modification, seeking an immediate sale of the parties' marital home. The trial court held that defendant's possessory interest in the home could be viewed as periodic alimony, a provision for child support or a combination thereof. It considered the transfer of custody a change of circumstances and concluded that the home was no longer needed to support the children; therefore, it was authorized to modify the decree and order the home sold. We affirmed, concluding, as the trial court did, that the transfer of custody in effect at the time of the petition justified modification, permitting the sale of the home.

In *Ehr*, plaintiff sought modification of the child custody provision in his divorce decree because he alleged that defendant had been promiscuous, used marijuana, lived in crowded quarters and frustrated his visitation rights. The trial court found at the hearing held in October 1977 that there had been a change in circumstances and the modification of the original decree was in the child's best interest. We reversed and remanded, finding that while the Marriage Act would govern the proceedings since the petition for modification was filed and heard after October 1, 1977, we could only consider defendant's conduct as it occurred on or at the time of the petition and hearing. The conduct alleged here as constituting the basis for modification all took place one to two years prior to the hearing in October 1977, and there was no evidence adduced that such conduct was presently continuing; thus, it could not be the basis for a finding of a change in circumstances and modification of the decree.

Consequently, in both *Lamp* and *Ehr*, we considered the "conduct or condition" in issue affecting modification only if it still occurred at the time of the petition or on or after the effective date of the Marriage Act.

Further, in *In re Marriage of McGowan* (1980), 84 Ill. App. 3d 609, 405 N.E.2d 1156, we pointed out that in *In re Support of Halford* (1979), 70 Ill. App. 3d 609, 388 N.E.2d 1131, section 510(b) of the Marriage Act parted with past law and established a new and distinct standard for termination of maintenance or alimony, which standard amounted to a husband-wife type relationship although not formalized legally. The authority cited above then, rather than supporting the application of the Marriage Act to antecedent conduct or conditions, bolsters defendant's

position that her conduct must be judged under the standard then in effect in order to make a determination of whether there exists grounds for termination of maintenance.

Section 18 of the prior Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) (Divorce Act), in effect and applicable to Lorraine's conduct, permitted a court to terminate or alter alimony when it was established that a substantial change of circumstances had occurred so as to justify termination or modification. (*Hall v. Hall* (1975), 25 Ill. App. 3d 524, 323 N.E.2d 541; *Louthan v. Louthan* (1970), 130 Ill. App. 2d 281, 264 N.E.2d 797.) There was no specific statutory provision in Illinois that the morality of a wife's post-dissolution behavior affected her right to alimony. (*In re Support of Halford.*) Under this standard then, Lorraine's conduct, while perhaps immoral under the Divorce Act, does not provide a legal basis for termination of maintenance or alimony. Had *any* portion of her conduct occurred on or after the effective date of the Marriage Act, then the court could have surely terminated her maintenance from the date of the petition for modification or termination.

■■ We conclude, therefore, that even though the trial court's reasoning was erroneous, it was correct in not ordering termination of maintenance or alimony, as plaintiff has presented no basis for termination under the Divorce Act.

■■ Further, with regard to the abatement issue, we note that the court has no power to modify past due installments of alimony. (*Green v. Green* (1974), 21 Ill. App. 3d 396, 315 N.E.2d 324; *Gregory v. Gregory* (1964), 52 Ill. App. 2d 262, 202 N.E.2d 139.) The petition for modification or termination was filed in July 1979 and would only apply to payments owed from that date on, as affected by defendant's conduct on or after the effective date of the Marriage Act.

For the foregoing reasons, we affirm that portion of the trial court's order continuing alimony payments. We remand that portion abating alimony payments and direct the court to vacate its order, make a determination of the total amount of alimony due and for such other proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded with directions.

SULLIVAN, P. J., and LORENZ, J., concur.