**In re Arthur DORF, Debtor.**

**Bankruptcy No. 97 B 08768.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 12, 1998.

---

**5.** Witnesses for Cash in a Flash could not explain why the claim exceeded $714.00 [3 × $238.00].

Deborah Ebner, Chicago, IL, for Nina Dorf.

Jeffrey Strange, Wilmette, IL, for Debtor.

### MEMORANDUM OPINION ON NINA DORF'S MOTION TO COMPEL DISTRIBUTION AND DISMISS CASE

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding is within the bankruptcy case filed by Arthur Dorf ("Debtor") under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* Debtor's former spouse, Nina Dorf ("Nina"), filed proof of claim for her unsecured priority claim in the amount of $33,800 for pre-petition maintenance arrears pursuant to a settlement agreement signed October 27, 1994, and also pursuant to judgment for dissolution of marriage incorporating the agreement and entered in state court on the same date. Pursuant to that settlement agreement, Nina has been and is entitled to maintenance payments in the amount of $3,300 each month until February 1, 1999. Debtor filed an objection to Nina's claim on July 8, 1997, but later withdrew that objection.

Debtor filed his Chapter 13 plan herein to deal with his debt to Nina. He made monthly post-bankruptcy payments to the Chapter 13 Trustee in the amount of $2,681 as called for in that Plan. On August 27, 1997, confirmation of Debtor's Plan was denied, primarily for lack of feasibility.

On December 16, 1997, Debtor filed an amended plan of reorganization providing for monthly payments to the Chapter 13 Trustee in the amount of $2,669. Nina Dorf argues that this plan is no more confirmable than the first and has moved for payment to her of the remainder of the funds in Trustee's possession, and for entry of an order dismissing Debtor's bankruptcy for lack of feasibility of any possible plan by Debtor. When that motion was filed, the Chapter 13 Trustee

held about $16,000 from Debtor's Plan payments.

On November 26, 1997, since all funds paid to the Trustee are for Nina, an order was entered with agreement of Debtor authorizing the Chapter 13 Trustee to distribute $10,000 to Nina Dorf "as and for a partial distribution on her prepetition claim."

### Jurisdiction and Venue

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

### Discussion

As stated, Nina Dorf has an uncontested claim herein for $33,800 for pre-petition support arrears. Pursuant to 11 U.S.C. § 502(a), a proof of claim is deemed allowed unless objected to. Debtor withdrew his objection to Nina Dorf's claim and no other objections have been filed. Thus, Nina Dorf has an allowed claim. Pursuant to §§ 523(a)(5) and 507(a)(7) of the Bankruptcy Code, Nina Dorf holds a non-dischargeable, priority claim.[1]

As stated, pursuant to the settlement agreement approved by decree of marital dissolution, Nina Dorf is entitled to maintenance payments in the amount of $3,300 each month until February 1, 1999. Debtor is also required to maintain during that period a life insurance policy naming Nina Dorf as beneficiary. The maintenance award cannot be modified before that date. However, either former spouse may file a petition prior thereto to extend or modify the award. Further,

Debtor's obligation to make maintenance payments terminates upon the death of either spouse, Nina Dorf's remarriage, or her cohabitation with another person on a conjugal basis.

■■■ Historically, Illinois had two basic types of alimony: periodic alimony and alimony in gross. Periodic alimony, now known as maintenance,

> ... is for an indefinite period of time and usually for an indefinite total sum. It is based upon the husband's income and the needs of the wife determined from the standpoint of the manner in which they have been accustomed to live. It is modifiable after decree when the wife's needs increase or decrease, or when the husband's ability to pay increases or decreases. This is so because it takes the form of periodic allowances which do not vest until they become due. It usually terminates upon the death of the husband, although by agreement payments may be made a charge upon the husband's estate after they become due. They are never a charge on a husband's estate in advance of the due date because they are not, prior to that time, vested. Payments of alimony from husband to wife are not based upon any consideration moving from wife to husband, but are based upon the common law duty of the husband to support his wife. "Alimony" in this sense of the word, is modifiable.

*Pacione v. Reed,* 81 Ill.App.3d 600, 604–05, 37 Ill.Dec. 426, 428, 402 N.E.2d 316, 319 (1980) (citing *Walters v. Walters,* 341 Ill.App. 561, 567–68, 94 N.E.2d 726 (1950), *aff'd,* 409 Ill. 298, 99 N.E.2d 342 (1951)). Gross alimony, on the other hand, is for a definite sum of money, for a definite length of time, vests at the time of the support decree, and is not modifiable. *Id.* As stated, periodic alimony

---

1. Section 523 provides that a debt is nondischargeable where it is "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement...." 11 U.S.C. § 523(a)(5). Section 507 gives a priority

to "allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement" 11 U.S.C. § 507(a)(7).

is always terminated upon remarriage of the former spouse. *Lamp v. Lamp,* 73 Ill. App.3d 713, 717, 29 Ill.Dec. 792, 796, 392 N.E.2d 349, 353 (1979), *aff'd,* 81 Ill.2d 364, 43 Ill.Dec. 31, 410 N.E.2d 31 (1980). Alimony in gross is not modifiable and payable regardless of whether the former spouse remarries. *In re Marriage of Freeman,* 106 Ill.2d 290, 295, 88 Ill.Dec. 11, 13, 478 N.E.2d 326, 328 (1985).

■ Although the Dorf maintenance provision has some characteristics consistent with both alimony in gross and periodic alimony, the maintenance payments involved here are better categorized as periodic alimony since payments are to cease upon occurrence of certain specified events. Accordingly, Nina's claim for these payments vest only as each payment of $3,300 becomes due and future payments were not vested at the time the pre-bankruptcy agreement was signed and the dissolution decree was entered. Thus, Nina Dorf's claim is not for the entire alleged total of $109,700, including payments through February 1, 1999, as suggested by Debtor,[2] but for the prepetition monthly arrearage of $33,800. That is the only claim covered under 11 U.S.C. § 1322(a)(1) which provides in Bankruptcy Chapter 13 that a "plan shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." Thus, Debtor must pay Nina Dorf's non-dischargeable, priority claim of $33,800 in deferred cash payments over the life of any Chapter 13 Plan, while also remaining current on the post-petition monthly payments of $3,300.[3]

■ Maintenance payments which came due after filing of the bankruptcy case will continue to come due until February 1, 1998, and are therefore not covered by the Chapter 13 Plan. Those payments are due and payable regardless of and outside the bankruptcy. *See, e.g., In re Cox,* 200 B.R. 706 (Bankr.N.D.Ga.1996). Under 11 U.S.C. § 502(b)(5), a claim excepted from discharge under § 523(a)(5) for an unmatured debt may be disallowed. Section 502(b)(5) also provides that a claim for debt "unmatured on the date of filing the petition and that is excepted from discharge under § 523(a)(5)" is not an allowed claim. By virtue of this section, Congress intended that post-petition alimony, maintenance or support claims "are to be paid from the debtor's postpetition property, because the claims are nondischargeable." H.R.Rep. No. 595, 95th Cong., 1st Sess. 352–54 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 62–65 (1978), reprinted in Norton Bankruptcy Rules Pamphlet 1997–1998 Edition, 398.

■ Pursuant to § 1325(a)(6), a Chapter 13 plan cannot be confirmed unless it is feasible. That section provides that a Chapter 13 plan is not confirmable unless a "debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. 1325(a)(6). Congress intended for post-petition alimony maintenance and support to be paid from post petition income. Payment of these post petition obligations is an integral part of the debtors duty to support his or her dependants and must be weighed by courts in determining the debtor's ability to comply with a plan. Collier's at 1322.14[1] citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 353 (1977). It is clear here, however, in light of Debtor's income as represented by him, that he cannot both comply with his Plan and meet current obligations. He can only afford $2,669 after paying for personal needs, and that is enough only to pay the pre-bankruptcy arrearage, leaving nothing to make the post-bankruptcy monthly maintenance of $3,300.

---

**2.** *See* Memorandum in Support of Debtor's Plan at 1.

**3.** However, Nina Dorf is not entitled to interest on her claim. "Full payment" of a claim under § 1322(a)(1) does not include post-petition interest. *See In re Smith,* 196 B.R. 565, 569 (Bankr. M.D.Fla.1996). Where the Bankruptcy Code provides interest, the language of the particular code section expressly allows the creditor to receive its claim at its "value as of the effective date of the plan." *Id.* (citing *In re Kingsley,* 86 B.R. 17, 20 (Bankr.D.Conn.1988)). *See also* 11 U.S.C. § 1129(a)(7)(A)(ii); 11 U.S.C. § 1325(a)(4). As § 1322(a)(1) does not include such language, it does not include interest on the claim of an unsecured priority holder.

 Debtor argues, pursuant to § 1322, that he may modify the rights of holders of unsecured claims. 11 U.S.C. § 1322(b)(2). This is correct. *See Nobelman v. American Sav. Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). However, he may only use § 1322(b)(2)'s modification provisions to modify Nina Dorf's rights to the pre-petition arrears, not her rights to current monthly maintenance payments. "Rights" as used in § 1322(b)(2) certainly includes Nina Dorf's state law rights to receive payment pursuant to the judgment of marriage dissolution and settlement. However, only her rights as a holder of a claim may be modified. As stated, § 502(b)(5) states that a claim which is objected to is allowed except to the extent such a claim is for a debt which is unmatured on the date of filing the bankruptcy petition and which is excepted from discharge under § 523(a)(5). Debtor's maintenance payments which come due post-petition are not part of Nina Dorf's allowed claim because they were unmatured when the bankruptcy was filed. They cannot be treated within the bankruptcy Plan, and the Plan cannot modify her rights to those payments.

 The pleadings and Proposed Plan suggest that Debtor is trying to use § 1322(b)(5) to stretch out two years of alimony payments to five years. This is impermissible. Section 1322(b)(5) allows a debtor to "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." In other words, under 1322(b)(5), a debtor can maintain current payments and cure any prepetition arrears through the bankruptcy plan, but can do so only on long term debts. In this case, the final fixed maintenance payment is due February 1, 1999, and the final payment under the Proposed Plan is anticipated sometime in the next century. Thus, Debtor does not qualify for relief under § 1322(b)(5).

### CONCLUSION

Nina Dorf has an allowed non-dischargeable, unsecured priority claim for support arrears in the amount of $33,800. In addition, Debtor is required to maintain the current monthly payments of $3,300. Debtor had not made any post-petition maintenance payments as of the date Nina Dorf's motion was filed. It is clear that Debtor is financially unable to produce a confirmable plan as he cannot maintain the proposed Plan payments as well as the post-petition payments as they come due. This case has no future and must be dismissed. Since all the monies held by the Trustee (apart from fees due to the Trustee) are intended for and due to Nina Dorf, proper disposition of funds on hand should be by payment thereof to Nina.

For reasons set forth above and pursuant to an order to be entered, Nina Dorf's Motion to compel distribution and dismiss Debtor's Chapter 13 will be granted.