**In re Michael David WERTH and Alice Anne Werth, Debtors.**

**No. 11–21046.**

United States Bankruptcy Court, D. Kansas.

March 31, 2012.

Thomas M. Mullinix, III, Evans & Mullinix, P.A., Shawnee, KS, for Debtors.

Eric C. Rajala, Overland Park, KS, Trustee.

### MEMORANDUM AND ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER

ROBERT D. BERGER, Bankruptcy Judge.

Chapter 7 Trustee Eric Rajala moves for an order directing Debtors to turn over the balances in two accounts designated as 529 college savings accounts. The motion is granted because the accounts do not fall

within any statutory exemption, and only pre-petition support obligations may be paid from estate assets.

## Findings of Fact

Debtors filed a Chapter 7 petition on April 14, 2011, and received a discharge on January 23, 2012. On December 2, 2010, Debtors opened two 529 accounts for the benefit of Michael Werth's two children by a previous marriage. Debtors deposited $6,000.00 into each account. The accounts are owned by Alice Werth. By the petition date, the accounts held $12,197.12.

Michael Werth is responsible for one-half of the post-secondary educational expenses for his two children pursuant to a 2002 Separation Agreement, subject to certain limitations. As of the petition date, neither of Werth's children had yet graduated from high school.

As of the petition date, Michael Werth owed $1,930 in pre-petition support under the Separation Agreement, but no proof of claim has been filed for this debt.

## Discussion

■ The 529 accounts are property of the estate under § 541(a) because Alice Werth owns the accounts, and the contributions were made within the year preceding bankruptcy.[1] The accounts do not fall into either a state or federal exemption. Both the Kansas Legislature and Congress excluded 529 account contributions made within one year preceding a bankruptcy filing from a general exemption for post-secondary education savings accounts.[2] Thus, both the state and federal statutes exempt long-term planning and savings for post-secondary education expenses, but neither provide for 529 accounts to be a pre-bankruptcy planning safe haven for assets otherwise available to pay creditors.

■ The Bankruptcy Code provides special treatment for domestic support obligations; however, such treatment does not include earmarking pre-petition assets for post-petition obligations. Only a pre-petition support obligation can be a claim against the estate.[3] Post-petition support obligations are to be paid out of the debtor's post-petition income, not from estate property.[4] In *Coggin,* a debtor-father attempted to pre-pay his son's college expenses prior to bankruptcy and pursuant to a divorce decree. But Coggin made the payment with pre-petition assets while insolvent and while there were many existing creditors. The *Coggin* trustee recovered the money as a fraudulent transfer even though *Coggin* argued the payment satisfied his obligation under the divorce to provide for his son's college education. The court found the son could not have a claim against the estate for post-petition support even though the child support obligation would not be dischargeable through Coggin's bankruptcy. The court summarized the overall plan and concept of bankruptcy are for estate assets to pay only the legitimate claims of the creditors in existence on the petition date. The future support owed to the son was not a matured debt and, thus, § 502(b)(5) would prevent the payment of such claim from estate assets. For this reason, Coggin could not be permitted to pay post-petition support from pre-petition assets before he filed for

1. *In re Bourguignon,* 416 B.R. 745, 749–50 (Bankr.Idaho 2009).

2. K.S.A. § 60–2308(f); 11 U.S.C. § 541(b)(6).

3. 11 U.S.C. § 502(b)(5).

4. *Coggin v. Coggin (In re Coggin),* 30 F.3d 1443, 1452 (11th Cir.1994) *abrogated on other grounds, Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); *see also Baddin v. Olson (In re Olson),* 66 B.R. 687 (Bankr.D.Minn.1986); *In re Dorf,* 219 B.R. 498, 501 (Bankr.N.D.Ill.1998).

bankruptcy protection from his creditors.[5] The Eleventh Circuit's summary of the overall plan and concept of bankruptcy regarding pre-petition assets and post-petition domestic support obligations is more persuasive than Debtors' arguments in this case.

The accounts are nonexempt estate property, and the Trustee is entitled to the turnover of the funds so he may distribute them to creditors. The claimant of the $1,930 in pre-petition support arrears needs to file a proof of claim in order to receive a distribution. From the briefs, it appears the parties are agreeable to resolving this pre-petition claim. If this is not the case, the parties will need to bring the issue back before the Court.

### Conclusion

For the foregoing reasons, the Trustee's Motion for Turnover is GRANTED.

IT IS SO ORDERED.

---

**5.** *In re Coggin,* 30 F.3d at 1452.